1   Matthew R. Bainer, Esq. (SBN 220972)
    **THE BAINER LAW FIRM**
2   1901 Harrison St., Suite 1100
    Oakland, California 94612
3   Telephone:      (510) 922-1802
    Facsimile:      (510) 844-7701
4   mbainer@bainerlawfirm.com

5   Attorneys for Plaintiffs
    (additional counsel listed on following page)
6

7

8                   UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10

11  JOSHUA GARCIA, SERA GARCIA,            Case No.:  17-cv-03069-RS
    RAYMOND SANDOVAL, KELLY
12  SMITH, AND JENNIFER WILSON,            **SECOND AMENDED CLASS ACTION**
    individually, and on behalf of other   **COMPLAINT & ENFORCEMENT**
13  members of the general public similarly **UNDER THE PRIVATE ATTORNEYS**
    situated, and as aggrieved employees    **GENERAL ACT, CALIFORNIA LABOR**
14  pursuant to the Private Attorneys General **CODE §§ 2698 ET SEQ.**
    Act ("PAGA"),
15                                          (1) Violation of California Labor Code §§ 510
               Plaintiff,                       and 1198 (Unpaid Overtime);
16                                          (2) Violation of California Labor Code
          vs.                                   §§ 1194, 1197, and 1197.1 (Unpaid
17                                              Minimum Wages);
    HMS HOST, USA, INC., a Delaware        (3) Violation of the Fair Labor Standards Act
18  corporation; and DOES 1 through 100,       ("FLSA"), 29 U.S.C. § 206 (Unpaid
    inclusive,                                  Minimum Wages and Overtime);
19                                          (4) Violation of California Labor Code
               Defendants.                      §§ 226.7 and 512(a) (Unpaid Meal Period
20                                              Premiums);
                                            (5) Violation of California Labor Code § 226.7
21                                              (Unpaid Rest Period Premiums);
                                            (6) Violation of California Labor Code §§ 201
22                                              and 202 (Wages Not Timely Paid Upon
                                                Termination);
23                                          (7) Violation of IWC Wage Order § 5
                                                (Reporting Time Pay)
24                                          (8)  Violation of Labor Code § 2802 (failure to
                                                indemnify for business expenses
25                                          (9)  Violation of Labor Code §226 (failure to
                                                furnish itemized wage statements)
26                                          (10)    Violation of Labor Code §226; IWC
                                                Wage Order No. 5-2001 (failure to
27                                              maintain required business records)
                                            (11)    Violation of Labor Code §§ 2698, et
28                                              seq. ("PAGA"); and

1    (12)    Violation of California Business &
Professions Code §§ 17200, *et seq.*

2    **Jury Trial Demanded**

3

4    NICHOLAS J. SCARDIGLI SBN 249947
WILLIAM J. GORHAM III SBN 151773
5    ROBERT J. WASSERMAN SBN 258538
JOHN P. BRICOE CA SBN 273690
6    **MAYALL HURLEY**
A Professional Corporation
7    2453 Grand Canal Boulevard
Stockton, California 95207
8    Telephone (209) 477-3833
Facsimile (209) 473-4818
9

10    MATTHEW J. MATERN, SBN 159798
MATTHEW W. GORDON, SBN 267971
11    BRAUNSON C. VIRJEE, SBN 295325
**MATERN LAW GROUP, PC**
12    1230 Rosecrans Avenue, Suite 200
Manhattan Beach, CA 90266
13    Telephone: 310.531.1900
Facsimile: 310.531.1901
14    Emails: mmatern@maternlawgroup.com
  mgordon@maternlawgroup.com
15

16    KASHIF HAQUE, SBN 218672
SAMUEL A. WONG, SBN 217104
17    JESSICA L. CAMPBELL, SBN 280626
SHELLY SONG, SBN 312036
18    **AEGIS LAW FIRM, PC**
9811 Irvine Center Drive, Suite 100
19    Irvine, California 92618
Telephone: 949.379.6250
20    Facsimile: 949.379.6251

21    TODD M. FRIEDMAN, SBN 216752
ADRIAN R. BACON, SBN 280332
22    **LAW OFFICES OF TODD M. FRIEDMAN, P.C**.
21550 Oxnard Street, Suite 780
23    Woodland Hills, CA 91367
Telephone: 877.206.4741
24    Facsimile: 866.633.0228
Email: tfriedman@toddflaw.com
25        abacon@toddflaw.com

26

27

28

Plaintiffs, individually and on behalf of all other members of the public similarly situated, allege as follows:

**JURISDICTION AND VENUE**

1.      This class action is brought pursuant to Federal Rules of Civil Procedure Rule 23 and as a collective action pursuant to 29 U.S.C. § 216(b) for claims under the Fair Labor Standards Act ("FLSA").  The monetary damages and restitution sought by Plaintiff exceed the minimal jurisdiction limits of the Superior Court and will be established according to proof at trial.

2.      This Court has jurisdiction over this action pursuant to the California Constitution, Article VI, section 10.  The statutes under which this action is brought do not specify any other basis for jurisdiction.

3.      This Court has jurisdiction over all Defendants because, upon information and belief, Defendants are either citizens of California, have sufficient minimum contacts in California, or otherwise intentionally avail themselves of the California market so as to render the exercise of jurisdiction over them by the California courts consistent with traditional notions of fair play and substantial justice.

4.      Venue is proper in this Court because Defendants transact business in this county and the acts and omissions alleged herein took place in this county.

5.      California Labor Code sections 2699 et seq., PAGA, authorizes aggrieved employees to sue directly for various civil penalties under the California Labor Code.

6.      Plaintiffs timely provided notice on February 13, 2017 to the California Labor and Workforce Development Agency ("LWDA") and to Defendants, pursuant to California Labor Code section 2699.3.

**THE PARTIES**

7.      Plaintiffs are residents of California.

8.      Defendant HMS HOST, USA, INC. ("HMS") was and is, upon information and belief, a Delaware corporation and, at all times hereinafter mentioned, an employer whose employees are engaged throughout this county, the State of California, or the various states of

SECOND AMENDED CLASS ACTION COMPLAINT

1    the United States of America.

2        9.    Plaintiffs are unaware of the true names or capacities of the Defendants sued

3    herein under the fictitious names DOES 1 through 100 but will seek leave of this Court to

4    amend the complaint and serve such fictitiously named Defendants once their names and

5    capacities become known.

6        10.    Plaintiffs are informed and believe, and thereon allege, that DOES 1 through

7    100 are the partners, agents, owners, shareholders, managers or employees of HMS at all

8    relevant times.

9        11.    Plaintiffs are informed and believe, and thereon alleges, that each and all of the

10    acts and omissions alleged herein were performed by, or are attributable to, HMS, and/or

11    DOES 1 through 100 (collectively "Defendants"), each acting as the agent, employee, alter

12    ego, and/or joint venturer of, or working in concert with, each of the other co-Defendants and

13    was acting within the course and scope of such agency, employment, joint venture, or

14    concerted activity with legal authority to act on the others' behalf.  The acts of any and all

15    Defendants represent and were in accordance with Defendants' official policy.

16        12.    At all relevant times, Defendants, and each of them, ratified each and every act

17    or omission complained of herein.  At all relevant times, Defendants, and each of them, aided

18    and abetted the acts and omissions of each and all the other Defendants in proximately causing

19    the damages herein alleged.

20        13.    Plaintiffs are informed and believe, and thereon allege, that each of said

21    Defendants is in some manner intentionally, negligently, or otherwise responsible for the acts,

22    omissions, occurrences, and transactions alleged herein.

23                    **CLASS ACTION ALLEGATIONS**

24        14.    Plaintiff brings this action on their own behalf, as well as on behalf of each and

25    all other persons similarly situated, and thus, seeks class certification under California Code of

26    Civil Procedure section 382.

27        15.    All claims alleged herein arise under California law for which Plaintiff seeks

28    relief authorized by California law.

16.     Plaintiff's proposed class consist of two sub-classes and are defined as follows:

**Sub-Class 1:**

All individuals who worked for Defendants all non-exempt employees of Defendants in California at any time from April 25, 2013 until the date of certification.

**Sub-Class 2:**

All individuals who are currently employed or were formerly employed by Defendants in California and to whom Defendants furnished at least one wage statement in relation to a pay period in which the individual was paid overtime and the overtime hourly rate and/or amount of regular hours worked are shown incorrectly, from February 6, 2016 through the date until the date of certification.

17.     Members of the Class will hereinafter be referred to as "class members."

18.     Plaintiffs reserve the right to redefine the Class and to add additional subclasses as appropriate based on further investigation, discovery, and specific theories of liability.

19.     There are common questions of law and fact as to the class members that predominate over questions affecting only individual members, including, but not limited to:

(a)   Whether Defendants required Plaintiffs and class members to work off-the-clock without payment;

(b)   Whether Defendants required Plaintiffs and class members to work over eight (8) hours per day, over twelve (12) hours per day, and/or over forty (40) hours per week and failed to pay legally required overtime compensation to Plaintiffs and class members;

(c)   Whether Defendants failed to pay at least minimum wages for all hours worked by Plaintiffs and class members;

(d)   Whether Defendants deprived Plaintiffs and class members of meal periods or required Plaintiffs and class members to work during meal periods without compensation;

(e)   Whether Defendants deprived Plaintiffs and class members of rest periods or required Plaintiffs and class members to work during

rest periods without compensation;

(f)   Whether Defendants failed to timely pay wages due to Plaintiffs and class members during their employment, including meal and rest period premium wages;

(g)   Whether Defendants failed to timely pay wages due to class members upon their discharge, including meal and rest period premium wages;

(h)   Whether Defendants' failure to pay wages, without abatement or reduction, in accordance with the California Labor Code, was willful or reckless;

(i)   Whether Defendants failed to pay sufficient wages when Plaintiffs and Class Members reported to work as scheduled or instructed, but were sent home without being put to work or furnished less than half of the usual or scheduled day's work;

(j)   Whether Defendants failed to reimburse class members for business expenses;

(k)   Whether Defendants engaged in unfair business practices in violation of California Business & Professions Code sections 17200, *et seq*.; and

(l)   The appropriate amount of damages, restitution, or monetary penalties resulting from Defendants' violations of California law.

20.   There is a well-defined community of interest in the litigation and the class is readily ascertainable:

(a)   Numerosity:  The members of the class are so numerous that joinder of all members would be unfeasible and impractical.  The membership of the entire class is unknown to Plaintiffs at this time; however, the class is estimated to be over forty and the identity of such membership is readily ascertainable by inspection of Defendants' employment records.

(b) <u>Typicality</u>:  Plaintiffs are qualified to, and will, fairly and adequately protect the interests of each class member with whom he has a well-defined community of interest, and Plaintiffs' claims (or defenses, if any) are typical of all Class Members' as demonstrated herein.

(c) <u>Adequacy</u>:  Plaintiffs are qualified to, and will, fairly and adequately protect the interests of each class member with whom he has a well-defined community of interest and typicality of claims, as demonstrated herein.  Plaintiffs acknowledge that they have an obligation to make known to the Court any relationship, conflicts or differences with any class member.  Plaintiffs' attorneys, the proposed class counsel, are versed in the rules governing class action discovery, certification, and settlement.  Plaintiffs have incurred, and throughout the duration of this action, will continue to incur costs and attorneys' fees that have been, are and will be necessarily expended for the prosecution of this action for the substantial benefit of each class member.

(d) <u>Superiority</u>:  The nature of this action makes the use of class action adjudication superior to other methods.  A class action will achieve economies of time, effort, and expense as compared with separate lawsuits, and will avoid inconsistent outcomes because the same issues can be adjudicated in the same manner and at the same time for the entire class.

(e) <u>Public Policy Considerations</u>:  Employers in the State of California violate employment and labor laws every day.  Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation.  Former employees are fearful of bringing actions because they believe their former employers might damage their future endeavors through negative references and/or other means.  Class actions provide the class members who are not named in the complaint

with a type of anonymity that allows for the vindication of their rights at the same time as their privacy is protected.

## GENERAL ALLEGATIONS

21.    Defendants provide staffing and maintain the operations of numerous retail and food service locations in various airports throughout the State of California.

22.    Defendants employed Plaintiffs as non-exempt, hourly-paid employees from approximately 2014 through the present.

23.    Defendants continue to employ non-exempt, hourly-paid employees at multiple locations throughout California.

24.    Plaintiffs are informed and believe, and thereon allege, that at all times herein mentioned, Defendants were advised by skilled lawyers and other professionals, employees and advisors knowledgeable about California labor and wage law, employment and personnel practices, and about the requirements of California law.

25.    Plaintiffs are informed and believe, and thereon allege, that employees were not paid for all hours worked because all hours worked were not recorded.

26.    Plaintiffs are informed and believe, and thereon allege, that Defendants knew or should have known that Plaintiffs and class members were entitled to receive certain wages for overtime compensation, including retroactive wage payments, and that they were not receiving certain wages for overtime compensation.

27.    Plaintiffs are informed and believe, and thereon allege, that Defendants knew or should have known that Plaintiffs and class members were entitled to receive at least minimum wages for compensation, including retroactive minimum wage payments, and that, in violation of the California Labor Code, they were not receiving at least minimum wages for work done off-the-clock.

28.    Plaintiffs are informed and believe, and thereon allege, that Defendants knew or should have known that Plaintiffs and other class members were entitled to receive all meal periods or payment of one (1) additional hour of pay at Plaintiffs and other class members' regular rate of pay when they did not receive a timely, uninterrupted meal period, and that

they did not receive all meal periods or payment of one (1) additional hour of pay at Plaintiffs and other class members' regular rate of pay when they did not receive a timely, uninterrupted meal period.

29.    Plaintiffs are informed and believe, and thereon allege, that Defendants knew or should have known that Plaintiff and other class members were entitled to receive all rest periods or payment of one (1) additional hour of pay at Plaintiffs' and other class members' regular rate of pay when a rest period was missed, and that they did not receive all rest periods or payment of one (1) additional hour of pay at Plaintiffs' and other class members' regular rate of pay when a rest period was missed.

30.    Plaintiffs are informed and believe, and thereon allege, that Defendants knew or should have known that Plaintiffs and other class members were entitled to timely payment of wages during their employment.  In violation of the California Labor Code, Plaintiffs and other class members did not receive payment of all wages, including, but not limited to meal and rest period premium wages, within permissible time periods.

31.    Plaintiffs are informed and believe, and thereon allege, that Defendants knew or should have known that terminated class members were entitled to timely payment of wages upon termination.  In violation of the California Labor Code, terminated class members did not receive payment of all wages, including, but not limited to meal and rest period premium wages, within permissible time periods.

32.    Plaintiffs are informed and believe, and thereon allege, that Defendants knew or should have known that Plaintiffs and Class Members were entitled to receive at least two (2), but no more than four (4) hours, of reporting time pay at the employee's regular rate of pay when an employee is required to report for work, but is not put to work or is furnished less than half of their usual or scheduled day's work.

33.    Plaintiffs are informed and believe, and thereon allege, that Defendants knew or should have known that Plaintiffs and Class Members were entitled to receive reimbursement for incurred business expenses.

34.    Plaintiffs are informed and believe, and thereon allege, that at all times herein

1  mentioned, Defendants knew or should have known that they had a duty to compensate

2  Plaintiffs and other members of the class, and that Defendants had the financial ability to pay

3  such compensation, but willfully, knowingly, and intentionally failed to do so, and falsely

4  represented to Plaintiffs and other class members that they were properly denied wages, all in

5  order to increase Defendants' profits.

6      35.    At all times herein set forth, PAGA was applicable to Plaintiffs' employment

7  by Defendants.

8      36.    At all times herein set forth, PAGA provides that any provision of law under

9  the California Labor Code that provides for a civil penalty to be assessed and collected by the

10  LWDA for violations of the California Labor Code may, as an alternative, be recovered

11  through a civil action brought by an aggrieved employee on behalf of herself and other current

12  or former employees pursuant to procedures outlined in California Labor Code section 2699.3.

13     37.    Pursuant to PAGA, a civil action under PAGA may be brought by an

14  "aggrieved employee," who is any person that was employed by the alleged violator and

15  against whom one or more of the alleged violations was committed.

16     38.    Plaintiffs were employed by Defendants and the alleged violations were

17  committed against him during his time of employment and he is, therefore, an aggrieved

18  employee.  Plaintiffs and other employees are "aggrieved employees" as defined by California

19  Labor Code section 2699(c) in that they are all current or former employees of Defendants,

20  and one or more of the alleged violations were committed against them.

21     39.    Pursuant to California Labor Code sections 2699.3 and 2699.5, an aggrieved

22  employee, including Plaintiffs, may pursue a civil action arising under PAGA after the

23  following requirements have been met:

24                    (a)   The aggrieved employee shall give written notice by certified

25                          mail (hereinafter "Employee's Notice") to the LWDA and the

26                          employer of the specific provisions of the California Labor Code

27                          alleged to have been violated, including the facts and theories to

28                          support the alleged violations.

(b)   The LWDA shall provide notice (hereinafter "LWDA Notice")

to the employer and the aggrieved employee by certified mail that it

does not intend to investigate the alleged violation within sixty (60)

calendar days of the postmark date of the Employee's Notice.  Upon

receipt of the LWDA Notice, or if the LWDA Notice is not provided

within sixty-five (65) calendar days of the postmark date of the

Employee's Notice, the aggrieved employee may commence a civil

action pursuant to California Labor Code section 2699 to recover

civil penalties in addition to any other penalties to which the

employee may be entitled.

40.    On February 13, 2017 Plaintiffs provided written notice by certified mail to the LWDA and to Defendants of the specific provisions of the California Labor Code alleged to have been violated, including the facts and theories to support the alleged violations, pursuant to California Labor Code section 2699.3.  Defendants have failed to cure any of the alleged violations.

41.    Therefore, as April 19, 2017, the administrative prerequisites under California Labor Code section 2699.3(a) are satisfied and Plaintiffs have authorization to recover civil penalties and unpaid wages against Defendants, in addition to other remedies, for violations of California Labor Code sections 201, 202, 203, 204, 206.5, 226(a), 226.7, 510, 512, 1194, 1197, 1197.1, and 1198.

## FIRST CAUSE OF ACTION

### Violation of California Labor Code §§ 510 and 1198—Unpaid Overtime

### (Against All Defendants)

42.    Plaintiffs incorporate by reference and re-allege as if fully stated herein each and every allegation set forth above.

43.    California Labor Code section 1198 makes it illegal to employ an employee under conditions of labor that are prohibited by the applicable wage order.  California Labor Code section 1198 requires that ". . . the standard conditions of labor fixed by the commission

1   shall be the . . . standard conditions of labor for employees.  The employment of any employee

2   . . . under conditions of labor prohibited by the order is unlawful."

3        44.    California Labor Code section 1198 and the applicable Industrial Welfare

4   Commission ("IWC") Wage Order provide that it is unlawful to employ persons without

5   compensating them at a rate of pay either time-and-one-half or two-times that person's regular

6   rate of pay, depending on the number of hours worked by the person on a daily or weekly

7   basis.

8        45.    Specifically, the applicable IWC Wage Order provides that Defendants are and

9   were required to pay Plaintiff and class members employed by Defendants, and working more

10  than eight (8) hours in a day or more than forty (40) hours in a workweek, at the rate of time-

11  and-one-half for all hours worked in excess of eight (8) hours in a day or more than forty (40)

12  hours in a workweek.

13       46.    The applicable IWC Wage Order further provides that Defendants are and were

14  required to pay Plaintiffs and class members employed by Defendants, and working more than

15  twelve (12) hours in a day, overtime compensation at a rate of two (2) times their regular rate

16  of pay.

17       47.    California Labor Code section 510 codifies the right to overtime compensation

18  at one-and-one-half times the regular hourly rate for hours worked in excess of eight (8) hours

19  in a day or forty (40) hours in a week or for the first eight (8) hours worked on the seventh day

20  of work, and to overtime compensation at twice the regular hourly rate for hours worked in

21  excess of twelve (12) hours in a day or in excess of eight (8) hours in a day on the seventh day

22  of work.

23       48.    During the relevant time period, Plaintiffs and class members worked in excess

24  of eight (8) hours in a day, in excess of twelve (12) hours in a day, and/or in excess of forty

25  (40) hours in a week without receiving overtime compensation therefor.  For one example,

26  during the relevant time period, Defendants had a policy and/or practice of required its

27  employees who have already commenced their work day at one retail or restaurant operation

28  to clock-out, travel to another location within the airport complex and then clock back in and

1  continue work at this second location. The time spent traveling from one work location to

2  another is spent off-the-clock, and HMS did not compensate employees for the time they spent

3  performing this work. Additionally, Defendants employed a time keeping system which

4  further systematically deprived employees of compensation for all time worked. Because

5  Plaintiffs and class members worked shifts of eight (8) hours a day and/or forty (40) hours in a

6  week, some of this uncompensated work time qualified for overtime premium.

7       49.    Defendants' failure to pay Plaintiffs and class members the unpaid balance of

8  overtime compensation, including retroactive overtime compensation, as required by

9  California law, violates the provisions of California Labor Code sections 510 and 1198, and is

10  therefore unlawful.

11       50.    Pursuant to California Labor Code section 1194, Plaintiffs and class members

12  are entitled to recover their unpaid overtime compensation, as well as interest, costs, and

13  attorneys' fees.

14  **SECOND CAUSE OF ACTION**

15  **Violation of California Labor Code §§ 1194, 1197, 1197.1—Unpaid Minimum Wages**

16  **(Against All Defendants)**

17       51.    Plaintiffs incorporate by reference and re-allege as if fully stated herein each

18  and every allegation set forth above.

19       52.    At all relevant times, California Labor Code sections 1194, 1197 and 1197.1

20  provide that the minimum wage for employees fixed by the Industrial Welfare Commission is

21  the minimum wage to be paid to employees, and the payment of a wage less than the

22  minimum so fixed is unlawful.  As set forth above, Defendants regularly required Plaintiffs

23  and class members to work off-the-clock without compensation.  Defendants did not pay at

24  least minimum wages for all of these off-the-clock hours.  Also, to the extent that these off-

25  the-clock hours did not qualify for overtime premium payment, Defendants did not pay

26  minimum wages for those hours worked off-the-clock in violation of California Labor Code

27  sections 1194, 1197, and 1197.1.

28       53.    Defendants' failure to pay Plaintiffs and class members the minimum wage as

Page 11

1   required, including retroactive minimum wage compensation, violates California Labor Code

2   sections 1194, 1197 and 1197.1.  Pursuant to those sections, Plaintiffs and class members are

3   entitled to recover the unpaid balance of their minimum wage compensation, as well as

4   interest, costs, and attorney's fees.

5       54.    Pursuant to California Labor Code section 1194.2, Plaintiffs and class members

6   are entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid

7   and interest thereon.

8                    **THIRD CAUSE OF ACTION**

9   **Violations of the Fair Labor Standards Act  29 U.S.C. § 206 (Unpaid Minimum Wages**

10                       **and Overtime);**

11                    **(Against All Defendants)**

12      55.    Plaintiffs incorporate by reference and re-allege as if fully stated herein each

13  and every allegation set forth above.

14      56.    At all relevant times herein set forth, each Defendant has been, and continues to

15  be, an "employer" engaged in interstate "commerce" within the meaning of the FLSA, 29

16  U.S.C. § 203. At all relevant times, Defendants have employed all members of the proposed

17  class as "employees" within the meaning of the FLSA. At all relevant times, each Defendant

18  has had gross operating revenues in excess of $500,000.

19      57.    At all relevant times herein set forth, Plaintiffs and the other members of the

20  class worked off-the-clock hours which included overtime hours in excess of forty (40) hours

21  in a workweek, and Defendants willfully failed to pay them minimum wages and/or overtime

22  compensation at the legally mandated rate.

23      58.    At all relevant times herein set forth, Defendants willfully, regularly and

24  repeatedly failed to make, keep, and preserve accurate records required by the FLSA with

25  respect to Plaintiffs and the other class members, including records sufficient to accurately

26  determine the wages and hours of employment pertaining to Plaintiffs and the other class

27  members.

28      59.    Pursuant to 29 U.S.C. §§ 206, 207(a), and 216(b), Plaintiffs and the other

members of the class are entitled to damages in the amount of their respective unpaid wages, including unpaid minimum wage; unpaid overtime compensation; and liquidated damages as provided by the FLSA, attorneys' fees and costs of action, injunctive relief requiring Defendants to cease and desist from their violations of the FLSA described herein and to comply with the FLSA, and such other legal and equitable relief as the Court deems just and proper.

**FOURTH CAUSE OF ACTION**

**Violations of California Labor Code §§ 226.7 and 512(a)—Unpaid Meal Period Premiums**

**(Against All Defendants)**

60.    Plaintiffs incorporate by reference and re-allege as if fully stated herein each and every allegation set forth above.

61.    At all relevant times herein set forth, the applicable California Industrial Welfare Commission (IWC) Wage Order(s) and California Labor Code sections 226.7 and 512(a) were applicable to Plaintiffs' and the other class members' employment by Defendants and each of them.

62.    At all relevant times herein set forth, California Labor Code section 226.7 provides that no employer shall require an employee to work during any meal period mandated by an applicable order of the California Industrial Welfare Commission (IWC).

63.    At all relevant times herein set forth, California Labor Code section 512(a) provides that an employer may not require, cause, or permit an employee to work for a period of more than five (5) hours per day without providing the employee with a meal period of not less than thirty (30) minutes, except that if the total work period per day of the employee is not more than six (6) hours, the meal period may be waived by mutual consent of both the employer and the employee.

64.    During the relevant time period, Plaintiffs and other class members scheduled to work for a period of time no longer than six (6) hours, and who did not waive their legally mandated meal periods by mutual consent, were required to work for periods longer than five

1    (5) hours without a meal period of not less than thirty (30) minutes.

2        65.    During the relevant time period, Defendants willfully required Plaintiffs and

3    other class members to work during meal periods and failed to compensate them for work

4    performed during meal periods.  For example, Defendants had a policy and/or practice of

5    required its employees who have already commenced their work day at one retail or restaurant

6    operation to clock-out, travel to another location within the airport complex and then clock

7    back in and continue work at this second location. These activities often occurred during these

8    employees' unpaid meal breaks. Defendants additionally had a policy and/or practice of

9    failing to staff their non-exempt positions adequately and failed to properly coordinate

10   employee schedules such that Plaintiffs and other class members were relieved of all duties

11   and permitted to take compliant meal breaks.  Instead, Plaintiffs and other class members were

12   required to work through meal periods, cut their meal periods short, suffer interruptions

13   during meal periods, and/or take meal periods after the fifth hour of work because of

14   Defendants' practices.  Defendants then failed to pay Plaintiffs and other class members all

15   meal period premiums due pursuant to California Labor Code section 226.7.

16       66.    Defendants' conduct violates applicable Industrial Welfare Commission (IWC)

17   Wage Order(s), and California Labor Code sections 226.7 and 512(a).

18       67.    Pursuant to the applicable Industrial Welfare Commission (IWC) Wage

19   Order(s) and California Labor Code section 226.7(b), Plaintiffs and other class members are

20   entitled to recover from Defendants one (1) additional hour of pay at the employee's regular

21   hourly rate of compensation for each work day that the meal period was not provided.

22                          **FIFTH CAUSE OF ACTION**

23   **Violation of California Labor Code § 226.7—Unpaid Rest Period Premiums**

24                          **(Against All Defendants)**

25       68.    Plaintiffs incorporate by reference and re-allege as if fully stated herein each

26   and every allegation set forth above.

27       69.    At all relevant times herein set forth, the applicable IWC Wage Order and

28   California Labor Code section 226.7 were applicable to Plaintiffs' and class members'

1   employment by Defendants.

2       70.    At all relevant times, California Labor Code section 226.7 provides that no

3   employer shall require an employee to work during any rest period mandated by an applicable

4   order of the California IWC.

5       71.    At all relevant times, the applicable IWC Wage Order provides that "[e]very

6   employer shall authorize and permit all employees to take rest periods, which insofar as

7   practicable shall be in the middle of each work period" and that the "rest period time shall be

8   based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4)

9   hours or major fraction thereof" unless the total daily work time is less than three and one-half

10  (3½) hours.

11      72.    During the relevant time period, Defendants required Plaintiffs and class

12  members to work four (4) or more hours without authorizing or permitting a ten (10) minute

13  rest period per each four (4) hour period worked.  As with meal periods, Defendants failure to

14  properly staff and coordinate employees' schedules lead to their being unable to take

15  compliant rest breaks, even where they had knowledge about their rest break rights.

16  Defendants then failed to pay Plaintiffs and class members the full rest period premium due

17  pursuant to California Labor Code section 226.7.  As a result, Defendants failed to pay

18  Plaintiff and other class members rest period premiums in violation of California Labor Code

19  section 226.7.

20      73.    During the relevant time period, Defendants failed to pay Plaintiffs and class

21  members the full rest period premium due pursuant to California Labor Code section 226.7.

22      74.    Defendants' conduct violates the applicable IWC Wage Orders and California

23  Labor Code section 226.7.

24      75.    Pursuant to the applicable IWC Wage Order and California Labor Code section

25  226.7(b), Plaintiffs and class members are entitled to recover from Defendants one (1)

26  additional hour of pay at the employee's regular hourly rate of compensation for each work

27  day that the rest period was not provided.

28

SECOND AMENDED CLASS ACTION COMPLAINT

**SIXTH CAUSE OF ACTION**

**Violation of California Labor Code §§ 201 and 202 – Wages Not Timely Paid Upon Termination**

**(Against All Defendants)**

76.    Plaintiffs incorporate by reference and re-allege as if fully stated herein each and every allegation set forth above.

77.    This cause of action is wholly derivative of and dependent upon the unpaid wage claims set forth for unpaid overtime wages, unpaid minimum wages, and unpaid meal and rest period premium wages, which remained unpaid upon termination of class members' employment.

78.    At all times herein set forth, California Labor Code sections 201 and 202 provide that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and that if an employee voluntarily leaves his or her employment, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

79.    During the relevant time period, Defendants willfully failed to pay class members who are no longer employed by Defendants the earned and unpaid wages set forth above, including but not limited to, overtime wages, minimum wages, and meal and rest period premium wages, either at the time of discharge, or within seventy-two (72) hours of their leaving Defendants' employ.

80.    Defendants' failure to pay those class members who are no longer employed by Defendants their wages earned and unpaid at the time of discharge, or within seventy-two (72) hours of their leaving Defendants' employ, is in violation of California Labor Code sections 201 and 202.

81.    California Labor Code section 203 provides that if an employer willfully fails to pay wages owed, in accordance with sections 201 and 202, then the wages of the employee

1    shall continue as a penalty from the due date, and at the same rate until paid or until an action

2    is commenced; but the wages shall not continue for more than thirty (30) days.

3        82.    Class members are entitled to recover from Defendants the statutory penalty

4    wages for each day they were not paid, at their regular hourly rate of pay, up to a thirty (30)

5    day maximum pursuant to California Labor Code section 203.

6    **SEVENTH CAUSE OF ACTION**

7    **Violation of California IWC Wage Order § 5 (Reporting Time Pay)**

8    **(Against All Defendants)**

9        83.    Plaintiffs incorporate by reference and re-allege as if fully stated herein each

10   and every allegation set forth above.

11       84.    Section 5 of the applicable IWC Wage Order mandates that "[e]ach workday

12   that an employee is required to report to the work site and does report, but is not put to work

13   or is furnished less than half of his/her usual or scheduled day's work, the employer shall pay

14   him/her for half of the usual or scheduled day's work but in no event for less than two (2) nor

15   more than four (4) hours at the employee's regular rate of pay...."

16       85.    Defendants maintained a policy and practice of not paying reporting time pay

17   in whole or in part when Plaintiffs and Class Members reported to work as scheduled, but

18   were sent home for various reasons.

19       86.    By their failure to provide reporting time pay, Defendants violated the

20   provisions of the applicable section of the IWC Wage Order.

21       87.    Plaintiff and Class Members are entitled to recover the unpaid balance of their

22   reporting time wages, as well as interest, costs, and attorneys' fees.

23   **EIGHTH CAUSE OF ACTION**

24   **Violation of California Labor Code § 2802, et seq.**

25   **(Against All Defendants)**

26       88.    Plaintiffs incorporate by reference and re-allege as if fully stated herein each

27   and every allegation set forth above.

28       89.    Labor Code§ 2802 provides that "[a]n employer shall indemnify his or her

employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties."

90.     In order to discharge their duties for Defendants, Plaintiffs and Class Members have incurred reasonable and necessary expenses in the course of completing their job duties, including but not limited to cell phone use, uniforms, and other employment-related expenses, which were not reimbursed by Defendants.

91.     Plaintiffs and Class Members are entitled to reimbursement for these necessary expenditures, plus interest and attorneys' fees and costs, under Labor Code§ 2802 and other statutory and civil penalties under applicable law.

### NINTH CAUSE OF ACTION

### Violation of California Labor Code § 226

### (Against All Defendants)

92.     Plaintiffs incorporate by reference and re-allege as if fully stated herein each and every allegation set forth above.

93.     Pursuant to Labor Code § 226(a), every employer shall furnish each of its non-exempt employees an accurate itemized statement in writing accurately showing, amongst other things, the overtime hourly rate and amount of regular hours worked.

94.     Defendants intentionally and willfully failed to furnish accurate itemized wage statements to Plaintiffs and the members of the Class in violation of Labor Code § 226(a).

95.     Labor Code § 226(e) provides for statutory penalties for a knowing and intentional failure by an employer to comply with Labor Code § 226(a). Plaintiffs and the members of the Class seek to recover these statutory penalties.

96.     As a result of Defendants' conduct, Plaintiffs and the members of the Class have suffered "injury" as that term is defined in Labor Code § 226(e)(2).

97.     Wherefore, Plaintiffs have been harmed and request relief as hereinafter provided.

**TENTH CAUSE OF ACTION**

**Violation of California Labor Code § 226, 1174; IWC Wage Order No. 5-2001 § 7**

**(Against All Defendants)**

98.   Plaintiffs incorporate by reference and re-allege as if fully stated herein each and every allegation set forth above.

99.   During the relevant period, as part of Defendants' illegal payroll policies and practices to deprive Plaintiffs and other Class Members of all wages earned and due, Defendants knowingly and intentionally failed to maintain records as required under California Labor Code sections 226 and 1174 and IWC Wage Order No. 5-2001, section 7, including but not limited to the following records: total daily hours worked by each employee; applicable rates of pay; all deductions; meal periods, time records showing when each employee begins and ends each work period; and accurate itemized wage statements.

100.   Wherefore, Plaintiffs have been harmed and request relief as hereinafter provided.

**ELEVENTH CAUSE OF ACTION**

**Violation of California Labor Code §§ 2698, *et seq.***

**(Against All Defendants)**

101.   Plaintiffs incorporate by reference and re-allege as if fully stated herein each and every allegation set forth above.

102.   California Labor Code §§ 2698, *et seq.* ("PAGA") permits Plaintiffs to recover civil penalties for the violation(s) of the Labor Code sections enumerated in Labor Code section 2699.5.

103.   PAGA provides as follows, "[n]otwithstanding any other provision of law, a plaintiff may as a matter of right amend an existing complaint to add a cause of action arising under this part at any time within 60 days of the time periods specified in this part."

104.   Defendants' conduct, as alleged herein, violates numerous sections of the California Labor Code, including, but not limited to, the following:

      a.   Violation of Labor Code sections 510 and 1198 for Defendants' failure to

Page 19

1  compensate Plaintiffs and other aggrieved employees for all overtime hours

2  at the applicable overtime rate as herein alleged;

3  b. Violation of Labor Code sections 1194, 1197, and 1197.1 for Defendants'

4  failure to compensate Plaintiffs and other aggrieved employees for all hours

5  worked with at least minimum wages as herein alleged;

6  c. Violation of Labor Code Sections 512 and 226.7 for Defendants' failure to

7  provide Plaintiffs and other aggrieved employees with legally mandated

8  meal periods and failing to compensate Plaintiffs and other aggrieved

9  employees with one hours of premium pay for unprovided meal periods as

10  alleged herein;

11  d. Violation of Labor Code Section 226.7 for Defendants' failure to provide

12  Plaintiffs and other aggrieved employees with legally mandated rest periods

13  and failing to compensate Plaintiffs and other aggrieved employees with

14  one hours of premium pay for unprovided rest periods as alleged herein;

15  e. Violation of Labor Code section 226(a) for failure to provide compliant

16  wage statements to Plaintiff and other aggrieved employees, as herein

17  alleged;

18  f. Violation of Labor Code sections 201, 202, and 203 for failure to timely

19  pay all earned wages to aggrieved employees upon discharge as herein

20  alleged;

21  g. Violation of Labor Code section 204 for failure to pay all earned wages

22  owed to Plaintiffs and other aggrieved employees during employment as set

23  forth more fully below;

24  h. Violation of Labor Code section 206.5 for requiring Plaintiffs and

25  aggrieved employees to execute unlawful releases of claims, as defined in

26  that statute, as a condition of receiving their earned wages.

27  i. Violation of Labor Code IWC Wage Order § 5 for failing to pay Plaintiffs

28  and aggrieved employees for reporting time pay; and

j.   Violation of Labor Code Section 2802 for failing to reimburse Plaintiffs and
aggrieved employees for incurred business expenses.

105.   California Labor Code section 1198 makes it illegal to employ an employee
under conditions of labor that are prohibited by the applicable wage order.  California Labor
Code section 1198 requires that ". . . the standard conditions of labor fixed by the commission
shall be the . . . standard conditions of labor for employees.  The employment of any employee
. . . under conditions of labor prohibited by the order is unlawful."

106.   California Labor Code section 204 requires that all wages earned by any person
in any employment between the 1st and the 15th days, inclusive, of any calendar month, other
than those wages due upon termination of an employee, are due and payable between the 16th
and the 26th day of the month during which the labor was performed, and that all wages
earned by any person in any employment between the 16th and the last day, inclusive, of any
calendar month, other than those wages due upon termination of an employee, are due and
payable between the 1st and the 10th day of the following month.  California Labor Code
section 204 also requires that all wages earned for labor in excess of the normal work period
shall be paid no later than the payday for the next regular payroll period.  During the relevant
time period, Defendants failed to pay Plaintiffs and other aggrieved employees all wages due
to them, including, but not limited to, minimum wages and reporting time pay within any time
period specified by California Labor Code section 204.

107.   California Labor Code Section 206.5 prohibits an employer from "require[ing]
the execution of a release of a claim or right on account of wages due, or to become due, or
made as an advance on wages to be earned, unless payment of those wages has been made."
The statute identifies such prohibited releases as "include[ing] requiring an employee, as a
condition of being paid, to execute a statement of the hours he or she worked during a pay
period which the employer knows to be false." In violation of Section 206.5, HMS maintained
a policy and practice of requiring Plaintiffs and aggrieved employees to execute an
acknowledgment that they actually received timely, uninterrupted breaks and that their hours
worked reflected on their time sheets were accurate.  If aggrieved employees failed and/or

1    refused to execute the acknowledgment, they were subject to discipline by HMS.

2        108.    Defendants, at all times relevant to this complaint, were employers or persons

3    acting on behalf of an employer(s) who violated Plaintiffs and aggrieved employees' rights by

4    violating various sections of the California Labor Code as set forth above.

5        109.    As set forth above, Defendants have violated numerous provisions of both the

6    Labor Code sections regulating hours and days of work as well as the applicable order of the

7    Industrial Welfare Commission and are subject to civil penalties, in addition to those provided

8    by Labor Code sections 2698 and 2699.

9        110.    Pursuant to PAGA, and in particular California Labor Code sections 2699,

10   2699.3 and 2699.5, Plaintiff, acting in the public interest as a private attorney general, seeks

11   assessment and collection of unpaid wages and civil penalties for Plaintiffs, all other

12   aggrieved employees, and the State of California against Defendants, in addition to other

13   remedies, for violations of California Labor Code sections 201, 202, 203, 204, 206.5, 226(a),

14   226.7, 510, 512, 1194, 1197, 1197.1, and 1198.

## TWELFTH CAUSE OF ACTION

### Violation of California Business & Professions Code §§ 17200, *et seq.*

### (Against All Defendants)

18       111.    Plaintiffs incorporate by reference and re-allege as if fully stated herein each

19   and every allegation set forth above.

20       112.    Defendants' conduct, as alleged herein, has been, and continues to be, unfair,

21   unlawful and harmful to Plaintiff, class members, and to the general public.  Plaintiffs seeks to

22   enforce important rights affecting the public interest within the meaning of Code of Civil

23   Procedure section 1021.5.

24       113.    Defendants' activities, as alleged herein, are violations of California law, and

25   constitute unlawful business acts and practices in violation of California Business &

26   Professions Code sections 17200, *et seq.*

27       114.    A violation of California Business & Professions Code sections 17200, *et seq.*

28   may be predicated on the violation of any state or federal law.  In the instant case, Defendants'

policies and practices have violated state law in at least the following respects:

    (c)    Requiring non-exempt employees, including Plaintiffs and class members, to work overtime without paying them proper compensation in violation of California Labor Code sections 510 and 1198 and the applicable Industrial Welfare Commission Order;

    (d)    Failing to pay at least minimum wage to Plaintiffs and class members in violation of California Labor Code sections 1194, 1197 and 1197.1 and the applicable Industrial Welfare Commission Order;

    (e)    Failing to provide meal and rest periods or to pay premium wages for missed meal and rest periods to Plaintiffs and class members in violation of California Labor Code sections 226.7 and 512 and the applicable Industrial Welfare Commission Order;

    (f)    Failing to provide Plaintiffs and class members with accurate wage statements in violation of California Labor Code section 226(a) and the applicable Industrial Welfare Commission Order; and

    (g)    Failing to timely pay all earned wages to Plaintiffs and class members in violation of California Labor Code sections 210, 202, 203 and 204 and the applicable Industrial Welfare Commission Order as set forth below.

115.    Pursuant to California Business & Professions Code sections 17200 *et seq.*, Plaintiffs and class members are entitled to restitution of the wages withheld and retained by Defendants during a period that commences four years prior to the filing of this complaint; a permanent injunction requiring Defendants to pay all outstanding wages due to Plaintiffs and class members; an award of attorneys' fees pursuant to California Code of Civil Procedure section 1021.5 and other applicable laws; and an award of costs.

**REQUEST FOR JURY TRIAL**

Plaintiffs requests a trial by jury.

**PRAYER FOR RELIEF**

Plaintiffs, on behalf of all others similarly situated, pray for relief and judgment

1   against Defendants, jointly and severally, as follows:

2       1.      For damages, unpaid wages, penalties, injunctive relief, and attorneys' fees in

3   excess of twenty-five thousand dollars ($25,000).

4                                **Class Certification**

5       2.      That this case be certified as a class and collective action;

6       3.      That Plaintiffs be appointed as the representatives of the Class;

7       4.      That counsel for Plaintiffs be appointed as Class Counsel.

8                          **As to the First Cause of Action**

9       5.      That the Court declare, adjudge, and decree that Defendants violated California

10  Labor Code sections 510 and 1198 and applicable IWC Wage Orders by willfully failing to

11  pay all overtime wages due to Plaintiffs and class members;

12      6.      For general unpaid wages at overtime wage rates and such general and special

13  damages as may be appropriate;

14      7.      For pre-judgment interest on any unpaid overtime compensation commencing

15  from the date such amounts were due;

16      8.      For reasonable attorneys' fees and for costs of suit incurred herein pursuant to

17  California Labor Code section 1194(a); and

18      9.      For such other and further relief as the Court may deem equitable and

19  appropriate.

20                        **As to the Second Cause of Action**

21      10.     That the Court declare, adjudge and decree that Defendants violated California

22  Labor Code sections 1194, 1197 and 1197.1 by willfully failing to pay minimum wages to

23  Plaintiff and class members;

24      11.     For general unpaid wages and such general and special damages as may be

25  appropriate;

26      12.     For pre-judgment interest on any unpaid compensation from the date such

27  amounts were due;

28      13.     For reasonable attorneys' fees and for costs of suit incurred herein pursuant to

1    California Labor Code section 1194(a);

2        14.    For liquidated damages pursuant to California Labor Code section 1194.2; and

3        15.    For such other and further relief as the Court may deem equitable and

4    appropriate.

5                        **As to the Third Cause of Action**

6        16.    That the Court declare, adjudge, and decree that Defendants violated 29 U.S.C.

7    §§ 206, 207(a), and 216(b) by failing to pay minimum and overtime wages to Plaintiffs and

8    class members;

9        17.    For general unpaid minimum and overtime wages and such general and special

10    damages as may be appropriate;

11        18.    For pre-judgment interest on any compensation commencing from the date such

12    amounts were due;

13        19.    For reasonable attorneys' fees and for costs of suit incurred herein pursuant to

14    29 U.S.C. §§ 206, 207(a), and 216(b); and

15        20.    For such other and further relief as the Court may deem equitable and

16    appropriate.

17                        **As to the Fourth Cause of Action**

18        21.    That the Court declare, adjudge, and decree that Defendants violated California

19    Labor Code sections 226.7 and 512(a) and applicable Industrial Welfare Commission (IWC)

20    Wage Order(s) by willfully failing to provide all meal periods to Plaintiffs and class members;

21        22.    That the Court make an award to the Plaintiffs and class members of one (1)

22    hour of pay at each employee's regular rate of compensation for each workday that a meal

23    period was not provided;

24        23.    For all actual, consequential, and incidental losses and damages, according to

25    proof;

26        24.    For premiums pursuant to California Labor Code section 226.7(b);

27        25.    For pre-judgment interest on any unpaid meal period premiums from the date

28    such amounts were due; and

SECOND AMENDED CLASS ACTION COMPLAINT

26.   For such other and further relief as the Court may deem equitable and appropriate.

### As to the Fifth Cause of Action

27.   That the Court declare, adjudge and decree that Defendants violated California Labor Code section 226.7 and applicable IWC Wage Orders by willfully failing to provide all rest periods to Plaintiffs and class members;

28.   That the Court make an award to the Plaintiffs and class members of one (1) hour of pay at each employee's regular rate of compensation for each workday that a rest period was not provided;

29.   For all actual, consequential, and incidental losses and damages, according to proof;

30.   For premiums pursuant to California Labor Code section 226.7(b);

31.   For pre-judgment interest on any unpaid rest period premiums from the date such amounts were due; and

32.   For such other and further relief as the Court may deem equitable and appropriate.

### As to the Sixth Cause of Action

33.   That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 201, 202, and 203 by willfully failing to pay all overtime wages, minimum wages, and meal and rest period premium wages owed at the time of termination of the employment of class members no longer employed by Defendants.

34.   For all actual, consequential and incidental losses and damages, according to proof;

35.   For statutory wage penalties pursuant to California Labor Code section 203 for all class members who have left Defendants' employ;

36.   For pre-judgment interest on any unpaid wages from the date such amounts were due; and

37.   For such other and further relief as the Court may deem equitable and

1    appropriate.

2    **As to the Seventh Cause of Action**

3    38.    That the Court declare, adjudge and decree that Defendants violated the

4    reporting time provisions of IWC Wage Order section 5 as to Plaintiffs and class members,

5    and failed to pay earned reporting time pay thereto;

6    39.    For all actual, consequential and incidental losses and damages, according to

7    proof;

8    40.    For statutory penalties and injunctive relief as allowed under law; and

9    41.    For such other and further relief as the Court may deem equitable and

10   appropriate.

11   **As to the Eighth Cause of Action**

12   42.    That the Court declare that Defendants policies and/or practices violate

13   California law by failing to reimburse all business expenses incurred by Plaintiffs and class

14   members in the discharge of their duties as employees of Defendants violates California Labor

15   Code § 2802;

16   43.    For all actual, consequential and incidental losses and damages, according to

17   proof;

18   44.    For an award of damages in the amount of unpaid unreimbursed business

19   expenses, pursuant to California Labor Code Section 2802, according to proof;

20   45.    For statutory and civil penalties and injunctive relief pursuant to California

21   Labor Code;

22   46.    For pre-judgment interest on any unpaid unreimbursed business expenses from

23   the date such amounts were due; and

24   47.    For such other and further relief as the Court may deem equitable and

25   appropriate.

26   **As to the Ninth Cause of Action**

27   48.    That the Court declare, adjudge and decree that Defendants violated the

28   recordkeeping provisions of California Labor Code section 226(a) and applicable IWC Wage

1   Orders as to Plaintiffs and class members, and willfully failed to provide accurate itemized

2   wage statements thereto;

3          49.    For all actual, consequential and incidental losses and damages, according to

4   proof;

5          50.    For statutory penalties and injunctive relief pursuant to California Labor Code

6   section 226(e) and (h); and

7          51.    For such other and further relief as the Court may deem equitable and

8   appropriate.

9                           **As to the Tenth Cause of Action**

10         52.    That the Court declare, adjudge and decree that Defendants violated the

11  recordkeeping provisions of California Labor Code sections 226 and 1174 and IWC Wage

12  Order No. 5-2001, section 7 as to Plaintiffs and class members;

13         53.    For all actual, consequential and incidental losses and damages, according to

14  proof;

15         54.    For statutory penalties and injunctive relief pursuant to California Labor Code

16  section 226; and

17         55.    For such other and further relief as the Court may deem equitable and

18  appropriate.

19

20                          **As to the Eleventh Cause of Action**

21         56.    That the Court declare, adjudge and decree that Defendants violated the

22  following California Labor Code sections as to Plaintiffs and/or other Aggrieved Employees:

23  510 and 1198 (by failing to pay all overtime wages); 1194, 1197, and 1197.1 (by failing to pay

24  at least minimum wages for all hours worked); 226.7 (by failing to provide meal or rest

25  periods or the required compensation in lieu thereof); 226(a) (by failing to provide accurate

26  and complete wage statements); 201, 202, 203 (by failing timely to pay all unpaid wages upon

27  termination); 204 (by failing timely to pay all earned wages during employment); 206.5 (by

28  requiring the execution of unlawful releases); 2802 (failure to indemnify for business

1    expenses; and IWC Wage Order § 5 (Reporting Time Pay)

2        57.    For civil penalties pursuant to California Labor Code sections 210, 226.3, 558,

3    1174.5, 1197.1, 2699(a) and/or 2699(f) and (g), for violations of California Labor Code

4    sections 201, 202, 203, 204, 206.5, 226(a), 226.7, 510, 512, 1194, 1197, 1197.1, 1198 and

5    2802 IWC Wage Order § 5;

6                          **As to the Twelfth Cause of Action**

7        58.    That the Court declare, adjudge and decree that Defendants violated California

8    Business and Professions Code sections 17200, *et seq.* by failing to pay overtime

9    compensation due, failing to pay at least minimum wages for all hours worked, failing to

10   provide meal and rest periods or premium wages in lieu thereof, failing to provide accurate

11   wage statements, and failing timely to pay all earned wages during employment and upon

12   termination;

13       59.    For restitution of unpaid wages to Plaintiffs and all class members and

14   prejudgment interest from the day such amounts were due and payable;

15       60.    For the appointment of a receiver to receive, manage and distribute any and all

16   funds disgorged from Defendants and determined to have been wrongfully acquired by

17   Defendants as a result of violations of California Business & Professions Code sections 17200

18   *et seq.*;

19       61.    For reasonable attorneys' fees and costs of suit incurred herein pursuant to

20   California Code of Civil Procedure section 1021.5; and

21       62.    For such other and further relief as the Court may deem equitable and

22   appropriate.

SECOND AMENDED CLASS ACTION COMPLAINT

1    Dated: November 21, 2018                    Respectfully submitted,

2                                                The Bainer Law Firm

3

4                                           By: /s/ Matthew R. Bainer

5                                                Matthew R. Bainer, Esq.

6                                                Attorneys for Plaintiffs

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28