Matthew R. Bainer, Esq. (SBN 220972)
**THE BAINER LAW FIRM**
1901 Harrison St., Suite 1100
Oakland, California 94612
Telephone:     (510) 922-1802
Facsimile:     (510) 844-7701
mbainer@bainerlawfirm.com

Attorneys for Plaintiffs
(additional counsel listed on following page)

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA GARCIA, SERA GARCIA, RAYMOND SANDOVAL, KELLY SMITH, AND JENNIFER WILSON, individually, and on behalf of other members of the general public similarly situated, and as aggrieved employees pursuant to the Private Attorneys General Act ("PAGA"),<br><br>        Plaintiffs,<br><br>    vs.<br><br>HMS HOST, USA, INC., a Delaware corporation; and DOES 1 through 100, inclusive,<br><br>        Defendants. | Case No.:  17-cv-03069-RS<br><br>**JOINT NOTICE OF MOTION AND JOINT MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date:       January 17, 2019<br>Time:      1:30 p.m.<br>Courtroom:  3 |

NICHOLAS J. SCARDIGLI SBN 249947
WILLIAM J. GORHAM III SBN 151773
ROBERT J. WASSERMAN SBN 258538
JOHN P. BRISCOE SBN 273690
**MAYALL HURLEY**
A Professional Corporation
2453 Grand Canal Boulevard
Stockton, California 95207
Telephone (209) 477-3833
Facsimile (209) 473-4818

MATTHEW J. MATERN, SBN 159798
MATTHEW W. GORDON, SBN 267971
BRAUNSON C. VIRJEE, SBN 295325
**MATERN LAW GROUP, PC**
1230 Rosecrans Avenue, Suite 200
Manhattan Beach, CA 90266
Telephone: 310.531.1900
Facsimile: 310.531.1901
Emails: mmatern@maternlawgroup.com
mgordon@maternlawgroup.com

KASHIF HAQUE, SBN 218672
SAMUEL A. WONG, SBN 217104
JESSICA L. CAMPBELL, SBN 280626
SHELLY SONG, SBN 312036
**AEGIS LAW FIRM, PC**
9811 Irvine Center Drive, Suite 100
Irvine, California 92618
Telephone: 949.379.6250
Facsimile: 949.379.6251

TODD M. FRIEDMAN, SBN 216752
ADRIAN R. BACON, SBN 280332
**LAW OFFICES OF TODD M. FRIEDMAN, P.C**.
21550 Oxnard Street, Suite 780
Woodland Hills, CA 91367
Telephone: 877.206.4741
Facsimile: 866.633.0228
Email: tfriedman@toddflaw.com
abacon@toddflaw.com

Margaret Rosenthal, SBN 147501
Shareef Farag, SBN 251650
Nicholas D. Poper, SBN 293900
**BAKER & HOSTETLER LLP**
11601 Wilshire Boulevard, Suite 1400
Los Angeles, CA  90025-0509
Telephone:    310.820.8800
Facsimile:    310.820.8859
Email:    mrosenthal@bakerlaw.com
sfarag@bakerlaw.com
npoper@bakerlaw.com

MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on January 19, 2019 at 1:30 p.m., or as soon thereafter as may be heard, before the Honorable Richard Seeborg in Courtroom 3 of the above-entitled court, located at 450 Golden Gate Avenue, San Francisco, CA 94102, Plaintiffs Joshua Garcia, Sera Garcia, Raymond Sandoval, Kelly Smith and Jennifer Wilson and Defendant Host International, Inc. will, and hereby do, jointly move this Court to:

1.      Preliminarily approve the settlement described in the Joint Stipulation of Class Action Settlement and Release and Notice of Class Action Settlement (attached as Exhibits "A" and "B," respectively, to the Declaration of Matthew Bainer);

2.      Conditionally certify, for settlement purposes only, the proposed settlement class;

3.      Approve distribution of the proposed Notice of Class Action Settlement to the settlement class;

4.      Appoint Plaintiffs Joshua Garcia, Sera Garcia, Raymond Sandoval, Kelly Smith and Jennifer Wilson as the class representatives;

5.      Appoint The Bainer Law Firm and Mayall Hurley as Class Counsel;

6.      Appoint Rust Consulting as the claims administrator; and

7.      Set a hearing date for final approval of the settlement.

This Motion is based upon:  (1) this Joint Notice of Motion and Joint Motion; (2) the Memorandum of Points and Authorities in Support of Motion for Preliminary Approval of Class Action Settlement; (3) the Declaration of Matthew Bainer; (4) the Declaration of John P. Briscoe; (5) the Joint Stipulation of Class Action Settlement and Release; (6) the Notice of Class Action Settlement; (7) the [Proposed] Order Granting Preliminary Approval of Class Action Settlement; and (8) other documentary and oral evidence or argument as may be presented to the Court at or prior to the hearing of this Motion. This Motion is brought jointly by all parties herein.

MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

1

2    Dated: December 14, 2018              THE BAINER LAW FIRM

3

4                                         By: */s/ Matthew R. Bainer*
                                             Matthew R. Bainer
5                                            Attorneys for Plaintiff

6

7    Dated:  December 14, 2018             BAKER & HOSTETLER, LLP

8

9                                         By: */s/ Shareef Farag*
                                             Margaret Rosenthal
10                                           Shareef Farag
                                             Nicholas D. Poper
11                                           Attorneys for Defendant

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

# TABLE OF CONTENTS

INTRODUCTION ................................................................................................................. 1

FACTS AND PROCEDURE ................................................................................................ 2

    A.    Brief Overview of the Litigation ............................................................................. 2

    B.    Plaintiffs Actively Engaged in the Discovery Process ......................................... 3

    C.    The Parties Settled After a Full Day of Arm's Length Negotiations at a Private
          Mediation. ............................................................................................................... 4

          1.    The Proposed Settlement Fully Resolves Plaintiffs' Claims. ........................... 5

          (a)    Composition of the Settlement Class ........................................................... 5

          (b)    Settlement Consideration .............................................................................. 5

          2.    Formula for Calculating Settlement Payments ................................................ 6

          3.    Release by the Settlement Class ...................................................................... 7

ARGUMENT ........................................................................................................................ 7

    A.    The Court Should Preliminary Approve the Settlement. ...................................... 7

    B.    The Settlement Was Negotiated after Plaintiffs' Counsel Conducted a Thorough
          Investigation of the Factual and Legal Issues. ..................................................... 8

    C.    The Settlement Was Reached through Arm's-Length Bargaining in Which All
          Parties Were Represented by Experienced Counsel. ........................................... 8

    D.    The Proposed Settlement Is Reasonable Given the Strengths of Plaintiffs' Claims and
          the Risks and Expense of Litigation. .................................................................... 9

    E.    The Proposed Class Representative Enhancement Payments Are Reasonable. .... 11

    F.    The Negotiated Attorneys' Fees and Costs Are Reasonable. ............................... 12

    G.    The Proposed Class Meets the Requirements of Rule 23. .................................... 12

          1.    The Proposed Class Is Sufficiently Numerous and Ascertainable. ............... 13

          2.    There are Common Questions of Law and Fact ............................................ 13

          3.    Plaintiffs' Claims Are Typical of the Proposed Settlement Class. ............... 13

MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

4.    Plaintiffs and Their Counsel Will Adequately Represent the Interests of the Proposed Settlement Class. .............................................................. 14

H.    Common Issues Predominate Over Individual Issues. ................................................... 14

I.    Class Settlement Is Superior to Other Available Means of Resolution. .......................... 15

J.    The Proposed Class Notice Adequately Informs Class Members About The Case And Proposed Settlement. ................................................................................ 15

**CONCLUSION** ............................................................................................................ 16

=

MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

**TABLE OF AUTHORITIES**

**FEDERAL CASES**

*Amchem Prods. v. Windsor*, 521 U.S. 591 (1997)...................................................13

*Armstrong v. Davis*, 275 F.3d 849 (9th Cir. 2001) ................................................14

*Blackwell v. Skywest Airlines, Inc.*, 245 F.R.D. 453 (S.D. Cal. 2007)........................10

*Bogosian v. Gulf Oil Corp.*, 621 F. Supp. 27 (E.D. Pa. 1985) ...............................12

*Brown v. Fed. Express Corp.,* 249 F.R.D. 580 (C.D. Cal. 2008) ................................10

*D'Amato v. Deutsche Bank*, 236 F.3d 78, 85 (2d Cir. 2001) ...................................9

*Estrella v. Freedom Fin'l Network*, 2010 U.S. Dist. LEXIS 61236

(N.D. Cal. 2010)........................................................................................14

*Gonzalez v. Officemax N. Am.*, 2012 WL 5473764 (C.D. Cal. Nov. 5, 2012) ..........10

*Hanlon v. Chrysler Corp.*, 150 F.3d 1011 (9th Cir. 1998) ..........................14, 15, 16

*In re Apple Computer, Inc. Derivative Litig.*, No. C 06-4128 JF (HRL), 2008 U.S. Dist.

LEXIS 108195 (N.D. Cal. Nov. 5, 2008) ....................................................9

*In re Atmel Corp. Derivative Litig.*, No. C 06-4592 JF (HRL), 2010 U.S. Dist. LEXIS

145551 (N.D. Cal. June 25, 2008)..............................................................9

*In Re Janney Montgomery Scott LLC Fin. Consultant Litig.*,

 Case No. 06-3202, 2009 U.S. Dist. LEXIS 60790 (E.D. Pa. July 16, 2009)..........12

*Jimenez v. Allstate Ins. Co.*, 2012 WL 1366052 (C.D. Cal. Apr. 18, 2012) ...............10

*Kenny v. Supercuts, Inc.*, 252 F.R.D. 641 (N.D. Cal. 2008)....................................10

*Lane v. Facebook, Inc.*, 696 F.3d 811 (9th Cir. 2012)............................................8

*Mangold v. Calif. Public Utilities Comm'n*, 67 F.3d 1470 (9th Cir. 1995) ................12

*Marisol v. Giuliani*, 126 F.3d 372 (2nd Cir. 1997)...............................................14

*Molski v. Gleich*, 318 F.3d 937 (9th Cir. 2003) .................................................8

*Nat'l Rural Telecom. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523

(C.D. Cal. 2004)........................................................................................8

MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

*Ordonez v. Radio Shack, Inc.*, 2013 U.S. Dist. LEXIS 7868
   (C.D. Cal. Jan. 17, 2013) ........................................................................... 10

*Rodriguez v. Hayes*, 591 F.3d 1105 (9th Cir. 2010) ........................................ 14

*Rodriguez v. West Pub. Corp.*, 463 F.3d 948 (9th Cir. 2009) ......................... 11

*Stanton v. Boeing Company*, 327 F.3d 938 (9th Cir. 2003) ............................ 8

*Stevens v. Safeway, Inc.*, Case No. 05-01988, 2008 U.S. Dist. LEXIS 17119 (C.D. Cal.
   Feb. 25, 2008) .......................................................................................... 12

*Torrisi v. Tuscson Elec. Power Co.*, 8 F.3d 1370 (9th Cir. 1993) .................... 8

*Van Vranken v. Atl. Richfield Co.*, 901 F. Supp. 294 (N.D. Cal. 1995) ........... 11

*Vasquez v. Coast Valley Roofing, Inc.*, 670 F. Supp. 2d 1114
   (E.D. Cal. 2009) ...................................................................................... 13

*Vizcaino v. Microsoft Corp.*, 290 F.3d 1043 (9th Cir. 2002) .......................... 12

*Wolin v. Jaguar Land Rover N. Am.*, 617 F.3d 1168 (9th Cir. 2010) ............. 16

**STATE CASES**

*Aguiar v. Cintas Corp. No. 2*, 144 Cal. App. 4th 121 (2006) ......................... 10

*Bell v. Farmers Ins. Exchange*, 115 Cal. App. 4th 715 (2004) ...................... 12

*Brinker Restaurant Corp. v. Super. Ct.*, 53 Cal. 4th 1004 (2012) ............... 9, 10

*Cellphone Termination Fee Cases*, 186 Cal. App. 4th 1380 (2010) .............. 12

*Chavez v. Netflix, Inc.*, 162 Cal. App. 4th 43 (2008) ...................................... 13

*Gentry v. Super. Ct. (Circuit City Stores)*, 42 Cal. 4th 443 (2007) ............... 10

*Jaimez v. Daiohs USA, Inc.*, 181 Cal. App. 4th 1286 (2010) ......................... 10

*Richmond v. Dart Industries, Inc.*, 29 Cal. 3d 462 (1981) ............................. 10

*Sav-On Drug Stores, Inc. v. Super. Ct. (Rocher)*, 34 Cal. 4th 319 (2004) .... 10, 12

*Smith v. Super. Ct.*, 39 Cal. 4th 77 (2006) .................................................... 10

MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

OTHER AUTHORITIES

Fed. R. Civ. P. 23 ................................................................................................................ 13, 16

Fed. R. Civ. P. 23(a) ....................................................................................................... 13, 14, 15

Fed. R. Civ. P. 23(a)(1) ............................................................................................................. 13

Fed. R. Civ. P. 23(a)(2) ............................................................................................................. 14

Fed. R. Civ. P. 23(a)(4) ............................................................................................................. 14

Fed. R. Civ. P. 23(b)(3) ............................................................................................................. 13

Fed. R. Civ. P. 23(c)(2) ............................................................................................................. 17

Fed. R. Civ. P. 23(e) ................................................................................................................... 8

Fed. R. Civ. P. 23(e)(1)(A) ......................................................................................................... 7

TREATISES

3 Conte & Newberg, *Newberg on Class Actions* (4th ed. 2002) ................................................ 8

Manual for Complex Litigation (4th ed. 2004) .......................................................................... 7

Manual for Complex Litigation (Fourth) §§ 21.632-34 (2004) ................................................ 13

*Manual for Complex Litigation*, Third (Fed. Judicial Center 1995) ........................................ 17

Theodore Eisenberg & Geoffrey P. Miller, *Attorney Fees in Class Action Settlements:*

   *An Empirical Study*, J. of Empirical Legal Studies, Vol. 1 (March 2004) ............................. 13

MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

## MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION

Plaintiffs Joshua Garcia, Sera Garcia, Raymond Sandoval, Kelly Smith and Jennifer Wilson and ("Plaintiffs") and Defendant Host International, Inc. ("Defendant" and/or "Host") jointly seek preliminary approval of the Joint Stipulation of Class Action Settlement and Release,[1] which, if approved, would provide significant monetary relief of a total of $2,200,000[2] for approximately over 6000 current and former non-exempt employees who worked for Defendant in California.

The basic terms of the Settlement provide for the following:

(1)    A Settlement Class defined all non-exempt employees of Defendant in California at any time from April 25, 2013 through the Date of Preliminary Approval.

(2)    A Class Settlement Amount of $2,200,000.  The Class Settlement Amount includes:

(a)    A Net Settlement Amount of approximately $1,348,667 ($2,200,000 of the Class Settlement Amount minus the requested Attorneys' Fees and Costs, Settlement Administration Costs, requested Class Representative Enhancement Payments and payment to the LWDA), which will be allocated to participating Class Members on a pro-rata basis according to their dates of employment and the number of weeks that each Class Member worked during the Class Period ;

(b)    Attorneys' fees of up to one-third of the Class Settlement Amount, or $733,333, and reasonable litigation costs and expenses, currently estimated not to exceed $40,000;

(c)    Settlement Administration Costs, currently estimated to be $29,000, to be paid to the jointly selected class action settlement administrator Rust Consulting ("Rust")[3];

---

[1] Hereinafter, "Settlement" or "Settlement Agreement" as attached as Exhibit "A," to Declaration of Matthew Bainer in Support of Motion for Preliminary Approval ("Bainer Decl").  Unless indicated otherwise, all capitalized terms used herein have the same meaning as those defined by the Settlement Agreement.

[2] The Gross total $2,200,000 settlement fund consists of two sub-funds. The first, totaling a gross amount of $700,000, will provide monetary relief in resolution of the claims made for wage statement violation in violation of Cal. Labor Code § 226. The second fund consisting of $1,500,000, provides monetary relief in resolution of the remaining claims brought herein.

[3] See Exhibit "C" to Bainer Decl.

(d)    Class Representative Enhancement Payments of up to $5000 each to Plaintiffs Joshua Garcia, Sera Garcia, Kelly Smith and Jennifer Wilson and up to $14,000 to Plaintiff Raymond Sandoval.

(e)    A payment to the LWDA pursuant to the Private Attorney General Act of $15,000.

Plaintiffs and Defendant negotiated the Settlement at arm's length with the assistance of experienced class action employment mediator David A. Rotman, Esq.  The Settlement provides relief to Class Members that is fair, reasonable and valuable especially considering the risks inherent in proceeding to trial.  The relief offered by the Settlement is particularly notable when viewed against the difficulties encountered by plaintiffs pursuing wage and hour cases (*see infra*).  Through this settlement, Class Members will not have to wait (possibly years) for relief, nor will they have to bear the risk of class certification being denied or of Defendant prevailing at trial.

For these and other reasons, the proposed Settlement satisfies all criteria for preliminary settlement approval.

## FACTS AND PROCEDURE

### A.    Brief Overview of the Litigation

This Settlement provides for the global resolution of this action and four related actions. Three of those actions, *Kelly Smith v. Host International Inc*., Fresno County Superior Court Case No. 17CECG03397; *Jennifer Wilson v. Host International, Inc.*, et al., Los Angeles County Superior Court Case No. BC684110 and *Sera Garcia v. Host International, Inc.*, et al., San Diego County Superior Court Case No. 37-2017-00046403 brought causes of action based primarily on, and overlapping with the causes of action and theories of recovery plead herein. All three of the *Smith*, *Wilson* and *Garcia* actions were stipulated to be stayed pending the resolution of this action. (Bainer Decl. ¶2) The fourth related action, *Sandoval v. Host International, Inc.* Fresno County Superior Court Case No. 17CECG00374 ("*Sandoval*") was filed and litigated independently of this action for a single cause of action for Failure to Provide Itemized Wage Statements pursuant to Cal. Labor Code § 226. (Briscoe Decl. ¶¶ 1-6)

Following a global mediation on March 15, 2018 and subsequently resulting global settlement agreement, discussed *infra*, the parties to this action and all related cases agreed to seek leave to amend the Complaint herein to add all parties to the related action, and all causes of action brought thereby, to this

action such that approval of the global settlement agreement could be sought in one proceeding in front of this Court. On November 26, 2018 this Court issued its order granting Plaintiffs leave to file their Second Amended Complaint. That pleading adds all parties to the settlement as parties to this action and alleges violations of (1) unpaid overtime (both under California state and federal statutes); (2) unpaid minimum wages; (3) failure to provide meal periods; (4) failure to authorize and permit rest periods; (5) failure to timely pay wages; (6) failure to pay reporting time pay; (7) failure to indemnify for incurred business expenses; (8) failure to provide accurate wage statements; (9) failure to maintain required business records; (10) the Private Attorney General Act and (11) unfair competition.

Plaintiffs' claims flow from the following core factual allegations:

- Host did not maintain accurate records or provide accurate wage statements to its employees.

- Host did not consistently provide non-exempt employees with a timely meal or rest breaks, as required under California Law.

- Host required employees to perform additional work tasks while off-the-clock, incur unreimbursed business expenses and sent employees home without pay when those employees reported to their assigned post, all resulting in unpaid work time.

- As a derivative result of the above allegations, Host failed to pay all terminated employees the correct amount of wages earned.

**B.    Plaintiffs Actively Engaged in the Discovery Process.**

Plaintiffs have conducted sufficient investigation and discovery in the Action in order to assess the merits and risks of the proceeding to trial with the claims brought herein, and the adequacy and fairness of this Settlement in light thereof.  For example, both parties to this action exchanged Initial Disclosures pursuant to F.R.C.P. Rule 26. Additionally, Plaintiffs in both this action and the related *Sandoval* lawsuit served, and Defendant responded to, written discovery in the form of both Special interrogatories and Requests for Documents. Plaintiffs subsequently met and conferred repeatedly regarding the scope of Defendant's production and responses and additional information to be provided. In response to this discovery, Defendant produced policy documents, handbooks, wage and hour records, and thousands of pages of class member time records.  Additionally, in support of the Parties' settlement negotiations and

mediation session, Defendant provided data and information regarding the average hourly rate of pay for Class Members, the total approximate number of Class Members who worked during the Class Period, the total number of former employees during the Class Period and the total number of workweeks worked by Class Members during the Class Period.  (*See*, Bainer Decl. ¶ 4; Briscoe Decl. ¶ 4)

Additionally, Plaintiffs' Counsel performed an extensive independent investigation into the claims at issue, including (1) determining the suitability of the putative class representatives through interviews, background investigations, and analyses of employment files and related records; (2) researching wage-and-hour class actions involving similar claims; (3) acquiring information regarding putative Class Members' potential claims, identifying additional witnesses, and obtaining documents in support of Plaintiffs' eventual Motion for Class Certification; (4) obtaining and analyzing Defendant's wage-and-hour policies and procedures; (5) researching the latest case law developments bearing on the theories of liability; (6) researching settlements in similar cases; (7) preparing valuation analyses of claims; (8) participating in a full-day private mediation session and preparing related memoranda; (9) negotiating the terms of this Settlement; (10) finalizing the Joint Stipulation of Class Action Settlement and Release; and (11) and drafting preliminary approval papers.  The document and data exchanges allowed Plaintiffs' Counsel to assess the strengths and weaknesses of the claims against Defendant and the benefits of the proposed Settlement.  (*See*, Bainer Decl. ¶ 5; Briscoe Decl. ¶ 4)

**C.    The Parties Settled After an Arm's Length Negotiation in a Private Mediation.**

After exchanging documents and conducting preliminary settlement discussions, the parties attended a mediation with David A. Rotman, Esq., who specializes in mediating employment disputes, including wage and hour class actions.  As a result of the mediation, the parties were able to reach an agreement on the principal terms of settlement. The parties continued to discuss and negotiate the remaining details over the course of several months.  At all times, the Parties' negotiations were adversarial and non-collusive.  The Settlement therefore constitutes a fair, adequate, and reasonable compromise of the claims at issue.  (Bainer Decl. ¶ 6; Briscoe Decl. ¶¶ 8-9.)

1.    **The Proposed Settlement Fully Resolves Plaintiff's Claims.**

    (a)    **Composition of the Settlement Classes**

The proposed Settlement Classes consist of two subclasses. The first class consists of means all non-exempt employees of Host International, Inc. in California at any time from April 25, 2013 through the Date of Preliminary Approval. The second class, which is a sub-class of the larger class and includes only those class members who were eligible to recover penalties under Cal. Labor Code §§ 226 and 2698 et seq., based on their dates of employment and the applicable statutory period (one year per Cal. Code Civ. Proc., § 340(a)), consist of all non-exempt employees of Host International, Inc. in California employed at any time from February 6, 2016 through the Date of Preliminary Approval. (Settlement Agreement ¶¶ 1.4 and 1.23)

    (b)    **Settlement Consideration**

Plaintiffs and Defendant have agreed to settle the underlying class claims in exchange for two settlement funds in the amount of $1,500,000 ("Primary Settlement Fund") and $700,000 ("Wage Statement Settlement Fund"). The Primary Settlement Fund includes (1) settlement payments to all Class Members who worked for Defendant between April 25, 2013 through the Date of Preliminary Approval, and who does not opt-out; (2) up to $500,000 in attorneys' fees; (3) reasonable litigation costs and expenses, currently estimated not to exceed $20,000; (4) 70% of the Settlement Administration Costs of approximately $27,000 (current estimate); (5) Class Representative Enhancement Payment of $5000 to each of Plaintiffs Joshua Garcia, Sera Garcia, Kelly Smith and Jennifer Wilson; and (6) 70% of the PAGA Payment. (Settlement Agreement ¶1.28) The Wage Statement Settlement Fund includes (1) settlement payments to all Class Members who worked between February 6, 2016 through the Date of Preliminary Approval and who does not opt-out; (2) up to $233,333 in attorneys' fees; (3) reasonable litigation costs and expenses, currently estimated not to exceed $20,000; (4) 30% of the Settlement Administration Costs of approximately $27,000 (current estimate); (5) Class Representative Enhancement Payment of $14,000 to Plaintiff Raymond Sandoval; and (6) 30% of the PAGA Payment. (Settlement Agreement ¶1.29) A premium is appropriate for Plaintiffs since they were the lead plaintiffs, actively supported Plaintiffs'

Counsel's efforts on behalf of the class and are executing a full release of claims as part of the Settlement Agreement.

Subject to the Court approving Attorneys' Fees and Costs, Settlement Administration Costs, and the Class Representative Enhancement Payments, the Net Settlement Amounts will be distributed to all eligible Class Members who do not opt-out of the settlement. Because the Class Settlement Amount is non-reversionary, 100% of the Net Settlement Amount, less all employee payroll tax requirements and any other applicable payroll deductions required by law, will be paid to eligible Class Members, and without the need to submit claims for payment.

## 2.    Formula for Calculating Settlement Payments

Each Class Member's share of the Net Settlement Amount will be proportional to the number of weeks he or she worked as a Class Member during the respective Class Period and the Wage Statement Settlement Fund eligible period. (Settlement Agreement ¶6.2) The Settlement Administrator will calculate Individual Settlement Payments as follows:

- Defendant will provide to the Settlement Administrator each Class Member's name, social security number, last known address, telephone number(s), the total number of Workweeks worked during the class period and the total number of Workweeks worked during the Wage Statement Settlement Fund eligible period.

- To determine each Class Member's estimated Individual Settlement Payment, the Settlement Administrator will divide the Net Settlement Amount by the total number of Workweeks for the both the class period and the Wage Statement Settlement Fund sub-class period, resulting in the Net Settlement Workweek Value for each Fund, and then multiplying the Net Settlement Workweek Value by the number of workweeks worked by each Participating Class Member during the Class Period and Wage Statement Settlement Fund sub-class period, respectively.

- The Individual Settlement Payment will be reduced by any required deductions for each Participating Class Member as specifically set forth herein, including employee-side tax withholdings or deductions. Defendant will pay any employer-side tax payments.

There are approximately 6000 Class Members, so the average net recovery will likely exceed $225. This average net recovery is significantly higher than many wage and hour class action settlements approved by California state and federal courts.[4]

---

[4] *See, e.g., Badami v. Grassroots Campaigns, Inc.*, Case No. C 07-03465 JSW (N.D. Cal. Sept. 15, 2008)

3.     **Release by the Settlement Class**

In exchange for the Class Settlement Amount, Plaintiffs, and Class Members who do not opt out, will release the Released Claims. The Released Claims are those claims within the applicable statute of limitations period (April 25, 2013 through the date of Preliminary Approval) "which have been or could have reasonably been alleged in the Lawsuits against the Released Parties" (Settlement Agreement ¶10.1).

## ARGUMENT

A.     **The Court Should Preliminarily Approve the Settlement.**

Class action settlements must be approved by the court and notice of the settlement must be provided to the class before the action can be dismissed. Fed. R. Civ. P. 23(e)(1)(A).  To protect absent class members' due process rights, approval of class action settlements involves three steps: (1) preliminary approval of the proposed settlement including (if the class has not already been certified) conditional certification of the class for settlement purposes; (2) notice to the class providing them an opportunity to exclude themselves; and (3) a final fairness hearing concerning the fairness, adequacy, and reasonableness of the settlement.  *See* Fed. R. Civ. P. 23(e)(2); Manual for Complex Litigation § 21.632 (4th ed. 2004).

At preliminary approval, the Court first determines whether a class exists.  *Stanton v. Boeing Company*, 327 F.3d 938, 952 (9th Cir. 2003).  Then, the Court evaluates whether the settlement is within the "range of reasonableness."  *See*, *generally*, 3 Conte & Newberg, *Newberg on Class Actions*, section 7.20 (4th ed. 2002) § 11.25.  "Whether a settlement is fundamentally fair within the meaning of Rule 23(e) is different from the question whether the settlement is perfect in the estimation of the reviewing court." *Lane v. Facebook, Inc*., 696 F.3d 811, 819 (9th Cir. 2012).To make this determination at preliminary approval, the Court may consider some or all of the following factors: (i) the extent of discovery completed

(average net recovery of approximately $195); *Sandoval v. Nissho of Cal., Inc.*, Case No. 37-2009-00091861 (San Diego County Super. Ct.) (average net recovery of approximately $145); *Fukuchi v. Pizza Hut*, Case No. BC302589 (L.A. County Super. Ct.) (average net recovery of approximately $120); *Contreras v. United Food Group, LLC*, Case No. BC389253 (L.A. County Super. Ct.) (average net recovery of approximately $120); *Ressler v. Federated Department Stores, Inc.*, Case No. BC335018 (L.A. County Super. Ct.) (average net recovery of approximately $90); *Doty v. Costco Wholesale Corp.*, Case No. CV05-3241 FMC-JWJx (C.D. Cal. May 14, 2007) (average net recovery of approximately $65); *Sorenson v. PetSmart, Inc.*, Case No. 2:06-CV-02674-JAM-DAD (E.D. Cal.) (average net recovery of approximately $60); *Lim v. Victoria's Secret Stores, Inc.*, Case No. 04CC00213 (Orange County Super. Ct.) (average net recovery of approximately $35); and *Gomez v. Amadeus Salon, Inc.*, Case No. BC392297 (L.A. Super. Ct.) (average net recovery of approximately $20).

and the stage of proceedings; (ii) the strength of the Plaintiff's case and the risk, expense, complexity and likely duration of further litigation; (iii) the risk of maintaining class action status throughout trial; (iv) the amount offered in settlement; and (v) the experience and views of counsel. *See Stanton*, 327 F.3d at 959 (citing *Molski v. Gleich*, 318 F.3d 937, 953 (9th Cir. 2003)). "Under certain circumstances, one factor alone may prove determinative in finding sufficient grounds for court approval." *Nat'l Rural Telecom. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 525-526 (C.D. Cal. 2004) (*citing Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370, 1376 (9th Cir. 1993)).

### B.    The Settlement Was Negotiated after Plaintiffs' Counsel Conducted a Thorough Investigation of the Factual and Legal Issues.

As set forth in greater detail above, based on their analysis of documents produced by Defendant, including policy and procedure documents, time and payroll records and information provided by relevant witnesses, Plaintiffs' Counsel was able to realistically assess the value of Plaintiffs' claims and intelligently engage defense counsel in settlement discussions that resulted in the proposed settlement now before the Court.  (Bainer Decl. ¶¶ 3-5; Briscoe Decl., ¶ 5-7.)  By engaging in a thorough investigation and evaluation of Plaintiffs' claims, Plaintiffs' Counsel can knowledgeably opine that the Settlement, for the consideration and on the terms set forth in the Settlement Agreement, is fair, reasonable, and adequate, and is in the best interests of Class Members in light of all known facts and circumstances, including the risk of significant delay and uncertainty associated with litigation and various defenses asserted by Defendant.

### C.    The Settlement Was Reached through Arm's-Length Bargaining in Which All Parties Were Represented by Experienced Counsel.

The Settlement is result of arm's-length negotiations.  The Parties participated in a private mediation session with David A. Rotman, Esq., who helped to manage the Parties' expectations and reach a compromise agreement.[5]  The Parties were represented by experienced class action counsel throughout

---

[5] *In re Apple Computer, Inc. Derivative Litig.*, No. C 06-4128 JF (HRL), 2008 U.S. Dist. LEXIS 108195 (N.D. Cal. Nov. 5, 2008) (mediator's participation weighs considerably against any inference of a collusive settlement), *In re Atmel Corp. Derivative Litig.*, No. C 06-4592 JF (HRL), 2010 U.S. Dist. LEXIS 145551 (N.D. Cal. June 25, 2008) (same); *D'Amato v. Deutsche Bank*, 236 F.3d 78, 85 (2d Cir. 2001) (a "mediator's involvement in pre-certification settlement negotiations helps to ensure that the proceedings were free of collusion and undue pressure.")  At all times, the Parties' negotiations were adversarial and non-collusive.

the negotiations resulting in this Settlement.  Plaintiffs in this action, the *Smith* action, the *Sera Garcia* action and the *Wilson* action were represented by The Bainer Law Firm and their associated co-counsel, while the Plaintiffs in the Sandoval action were represented by Mayall Hurley, all seasoned class action counsel who regularly litigate wage and hour claims through certification and on the merits, and have considerable experience settling wage and hour class actions.  (*See generally* Bainer Decl; Briscoe Decl..)  Defendant was represented by Baker & Hostetler, a nationally respected defense firm.

> ### D.  The Proposed Settlement Is Reasonable Given the Strengths of Plaintiffs' Claims and the Risks and Expense of Litigation.

Plaintiffs evaluated the claims in light of the risks of continued litigation in order to determine a reasonable range of class relief.  Although Plaintiffs believe the class claims are strong, Defendant disputes liability and the appropriateness of class certification (for all purposes other than settlement) and have vigorously defended the action and would certainly continue to do so, absent settlement.  Plaintiffs recognize that if the litigation had continued, they may have encountered significant legal and factual hurdles that could have prevented the Class from obtaining any recovery.  To be sure, a number of cases have found wage and hours actions to be especially amenable to class resolution.[6]  However, some courts

---

[6] *See Brinker Restaurant Corp. v. Super. Ct.*, 53 Cal. 4th 1004, 1033 (2012) ("Claims alleging that a uniform policy consistently applied to a group of employees is in violation of the wage and hour laws are of the sort routinely, and properly, found suitable for class treatment . . .  The theory of liability – that [the employer] has a uniform policy, and that that policy, measured against wage order requirements, allegedly violates the law - is by its nature a common question eminently suited for class treatment.").  Litigation of wage and hour claims on class-wide bases (1) encourages the vigorous enforcement of wage laws (*Smith v. Super. Ct.*, 39 Cal. 4th 77, 82 (2006)); (2) "eliminates the possibility of repetitious litigation" (*Sav-on Drug Stores, Inc. v. Super. Ct. (Rocher)*, 34 Cal. 4th 319, 340 (2004)); (3) affords small claimants a method of obtaining redress (*id.*); (4) "deter[s] and redress[es] alleged wrongdoing" (*Jaimez v. Daiohs USA, Inc.*, 181 Cal. App. 4th 1286, 1298 (2010)); (5) "avoid[s] windfalls to defendants" (*Brinker*, 53 Cal. 4th at 1054); (6) avoids "inconsistent or varying adjudications" (*Aguiar v. Cintas Corp. No. 2*, 144 Cal. App. 4th 121, 129 (2006)); and (7) alleviates the concerns of employees about retaliation (*Gentry v. Super. Ct. (Circuit City Stores)*, 42 Cal. 4th 443, 462-63 (2007); *Jaimez v. Daiohs USA, Inc.*, 181 Cal. App. 4th at 1308).  These policies are so strongly favored that "class certifications should not be denied [in wage and hour cases] so long as the absent class members' rights are adequately protected."  *Richmond v. Dart Industries, Inc.*, 29 Cal. 3d 462, 474 (1981); *see also Sav-On, supra*, 34 Cal. 4th 319 (upholding certification of an overtime class action based on a showing that all plaintiffs performed jobs that were highly standardized, and as a result, class members performed essentially the same tasks, most of which were non-exempt as a matter of law).

1   have gone the other way, finding that some of the very claims at issue here—wage and hour issues—were

2   not suitable for class adjudication because they raised too many individualized issues.[7]

3          Some courts have denied certification even when an employer's policies are unlawful on their face.

4   For instance, in *Ordonez v. Radio Shack, Inc*., 2013 U.S. Dist. LEXIS 7868, *35-41 (C.D. Cal. Jan. 17,

5   2013), the court denied certification even though the plaintiff submitted evidence of a facially unlawful

6   policy regarding rest breaks.  The *Ordonez* court concluded that the predominance and superiority elements

7   were not met based on the employer's presentation of anecdotal evidence of lawful compliance

8   notwithstanding the unlawful policy.  *Id*. at *38-40.

9          As the above examples illustrate, the prospect of certifying a wage and hour action is always

10  uncertain, and the risk of being denied class certification militates in favor of settlement.  A denial of class

11  certification effectively forecloses continued litigation, as neither the individual nor his or her attorney will

12  have any incentive to proceed with an individual case when such small claims are at stake.  *See In re*

13  *Baycol Cases I & II*, 51 Cal. 4th 751, 758 (2011) (explaining that a dismissal of class claims is effectively

14  the "death knell" of the case, despite survival of individual claims).  In other words, for cases where

15  individual damages are relatively small, denial of class certification results in a near-complete loss for

16  Plaintiffs as well as no recovery for the employees, who are shut out of the action.  Thus, if the putative

17  Class had not been certified, the value of Plaintiffs' case would have been reduced to a fraction of the value

18

19

20  [7] *See Duran v. U.S. Bank National Association*, 59 Cal. 4th 1, 31 (2014) (reversing a verdict from a class
     trial); *Ali v. U.S.A. Cab Ltd.*, 176 Cal. App. 4th 1333, 1341 (2009) (affirming denial of certification
21   because employees' declarations attesting to having taken meal and rest breaks demonstrated that
     individualized inquiries were required to show harm); *Campbell v. Best Buy Stores, L.P.*, 2013 U.S. Dist.
22   LEXIS 137792, at *30-41 (C.D. Cal. Sept. 20, 2013) (following *Brinker* and denying certification of
     proposed off-the-clock and rest and meal break classes due to lack of uniform policy); *Jimenez v. Allstate*
23   *Ins. Co.*, 2012 U.S. Dist. LEXIS 65328 (C.D. Cal. Apr. 18, 2012) (denying motion to certify meal and
     rest break classes based on employer's practice of understaffing and overworking employees); *Gonzalez*
24   *v. Officemax N. Am.*, 2012 U.S. Dist. LEXIS 163853 (C.D. Cal. Nov. 5, 2012) (same); *Brown v. Fed.*
     *Express Corp.,* 249 F.R.D. 580, 587-88 (C.D. Cal. 2008) (denying certification of driver meal and rest
25   period claims based on the predominance of individual issues); *Kenny v. Supercuts, Inc.*, 252 F.R.D. 641,
26   645 (N.D. Cal. 2008) (denying certification on meal periods claim); *Blackwell v. Skywest Airlines, Inc.*,
     245 F.R.D. 453, 467-68 (S.D. Cal. 2007) (declining to certify class action because individual issues
27   predominated when different employee stations provided different practices with respect to meal
28   periods).

MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

of this Settlement; indeed, Defendant would have likely offered no money to settle the class-wide claims if certification had been denied.

In summary, although Plaintiffs and their counsel maintain a strong belief in the underlying merits of the claims, they also acknowledge the significant challenges posed by continued litigation through certification and/or at the merits stage. Accordingly, when balanced against the risk and expense of continued litigation, the settlement is fair, adequate, and reasonable. *Linney v. Cellular Alaska P'ship*, 151 F.3d 1234, 1242 (9th Cir. 1998) ("the very essence of a settlement is compromise, a yielding of absolutes and an abandoning of highest hopes").

### E.     The Proposed Class Representative Enhancement Payments Are Reasonable.

At final approval, Plaintiffs will request Court-approval of a Class Representative Enhancement Payments of $5,000 each to Plaintiffs Joshua Garcia, Sera Garcia, Kelly Smith and Jennifer Wilson and $14,000 to Plaintiff Raymond Sandoval. Payments to named plaintiffs for their services as class representatives are customary and generally approved.[8] Plaintiffs assisted Plaintiffs' Counsel with the preparation of the initial and amended complaint; provided Plaintiffs' Counsel with material evidence regarding the claims; assisted Plaintiffs' Counsel in marshalling the evidence necessary to prosecute the claims on behalf of the Class; and regularly sought reports on the status of the case.

Plaintiffs' Counsel believes that no action would likely have been taken by Class Members individually, and no compensation would have been recovered for them, but for Plaintiffs' services on the Class' behalf. Plaintiffs have thus advanced California's public policy goal of enforcing wage and hour laws. *See Sav-On Drug Stores, Inc. v. Super. Ct.*, 34 Cal. 4th 319, 340 (2004). It follows that the proposed

---

[8] *See Van Vranken v. Atl. Richfield Co.*, 901 F. Supp. 294, 300 (N.D. Cal. 1995); *Cellphone Termination Fee Cases*, 186 Cal. App. 4th 1380, 1393 (2010); *Bell v. Farmers Ins. Exchange*, 115 Cal. App. 4th 715, 726 (2004) (upholding "service payments" to named plaintiffs for their efforts in bringing the case); *Stevens v. Safeway, Inc.*, Case No. 05-01988, 2008 U.S. Dist. LEXIS 17119 (C.D. Cal. Feb. 25, 2008) ($20,000 and $10,000 to two class representatives); *In Re Janney Montgomery Scott LLC Financial Consultant Litig.*, Case No. 06-3202, 2009 U.S. Dist. LEXIS 60790 (E.D. Pa. July 16, 2009) ($20,000 each to three class representatives). The incentive award should be approved so long as it is not so high [as] to create a conflict of interest between the representative and class members, or be divorced from the actual value the representative provided to the action. *Rodriguez v. West*, 463 F.3d at 959-61.

Class Representative Enhancement Payments, both for Plaintiffs' services as class representatives, and for their general release of their own claims, is reasonable.

**F.    The Negotiated Attorneys' Fees and Costs Are Reasonable.**

At final approval, Plaintiffs will seek Court-approval of the negotiated attorneys' fees in the amount of one-third of the common fund, or $733,333, and litigation costs currently estimated not to exceed $40,000.  (Settlement Agreement ¶7).

Plaintiffs' request for attorneys' fees in the amount of one-third of the common fund is reasonable under California law.  "In diversity actions, federal courts look to state law in determining whether a party has a right to attorneys' fees and how to calculate those fees."  *Mangold v. Calif. Public Utilities Comm'n*, 67 F.3d 1470, 1478 (9th Cir. 1995).  The state law governing the underlying claims in a diversity action "also governs the award of fees."  *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002).  California courts routinely award attorneys' fees equalling one-third or more of the potential value of the common fund.[9]

If the Court reduces the attorney fees or costs, the difference between the fees and costs requested and the fees and costs approved by the Court will be deposited into the common fund and distributed to class members.

**G.    The Proposed Class Meets the Requirements of Rule 23.**

Before granting preliminary approval of the Settlement, the Court must determine whether the proposed settlement class meets the requirements of Rule 23.  *See Amchem Prods. v. Windsor*, 521 U.S. 591, 620 (1997); Manual for Complex Litigation, § 21.632.  An analysis of the requirements of Rule 23(a) and 23(b)(3), commonly referred to as numerosity, commonality, typicality, adequacy, predominance, and superiority, shows that certification of this proposed settlement class is appropriate.

---

[9] *Chavez v. Netflix, Inc.*, 162 Cal. App. 4th 43, 66 n.11 (2008) ("Empirical studies show that, regardless whether the percentage method or the lodestar method is used, fee awards in class actions average around one-third of the recovery.").  Theodore Eisenberg & Geoffrey P. Miller, Attorney Fees in Class Action Settlements:  An Empirical Study, J. of Empirical Legal Studies, Vol. 1, Issue 1, 27-78, March 2004, at 35 (independent studies of class action litigation nationwide have come to a similar conclusion that a one-third fee is consistent with market rates).

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### 1.    The Proposed Class Is Sufficiently Numerous and Ascertainable.

The numerosity requirement is met where "the class is so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). Generally, courts will find a class sufficiently numerous if it consists of 40 or more members. *Vasquez v. Coast Valley Roofing, Inc.*, 670 F. Supp. 2d 1114, 1121 (E.D. Cal. 2009) (numerosity is presumed at a level of 40 members).

Here, the proposed Settlement Class consist of any individual employed by Host Services, Inc. as a non-exempt employee in the state of California at any time from April 25, 2013, to the date that the Court grants preliminary approval of this Settlement. Approximately 6000 individuals currently fall within this the Settlement Class.

### 2.    There are Common Questions of Law and Fact.

Commonality is satisfied "if there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). The "commonality requirement has been 'construed permissively,' and its requirements deemed minimal." *Estrella v. Freedom Fin'l Network*, 2010 U.S. Dist. LEXIS 61236 (N.D. Cal. 2010) (quoting *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019-1020 (9th Cir. 1998). Here, all Class Members were employees of Defendant throughout California and were subject to the same employment policies and practices that serve as the basis for Plaintiff's allegations in the Complaint.

### 3.    Plaintiff's Claims Are Typical of the Proposed Class.

"Like the commonality requirement, the typicality requirement is 'permissive' and requires only that the representative's claims are 'reasonably co-extensive with those of absent class members; they need not be substantially identical.'" *Rodriguez v. Hayes*, 591 F.3d 1105, 1124 (9th Cir. 2010) (quoting *Hanlon*, 150 F. 3d at 1020). Thus, typicality is "satisfied when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." *Armstrong v. Davis*, 275 F.3d 849, 868 (9th Cir. 2001) (quoting *Marisol v. Giuliani*, 126 F.3d 372, 376 (2nd Cir. 1997)).

Plaintiffs' wage and hour claims are typical of the proposed Settlement Class because they arise from the same factual basis and are based on the same legal theories applicable to the other Class Members. Likewise, Plaintiffs' interests are entirely coextensive with the interests of the Class. Accordingly, Plaintiffs are typical of the Class Members they seek to represent.

**4.     Plaintiff and Their Counsel Will Adequately Represent the Interests of the Proposed Settlement Class.**

The final Rule 23(a) requirement asks whether "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). This requirement is satisfied if: (1) the proposed representative Plaintiff does not have conflicts of interest with the proposed class, and (2) Plaintiff is represented by qualified and competent counsel. *Hanlon*, 150 F.3d at 1020.

The Rule 23(a) adequacy requirement is met here as Plaintiffs have represented putative Class Members with a focus and zeal true to the fiduciary obligation that they have undertaken, working closely with their attorneys throughout the case.

Plaintiffs' Counsel also satisfies the Rule 23(a)(4) adequacy-of-counsel requirement. Plaintiffs' Counsel is experienced in wage and hour class litigation and have the credential to serve as adequate class counsel. *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998) ("will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?").

**H.     Common Issues Predominate Over Individual Issues.**

"In addition to meeting the conditions imposed by Rule 23(a), the parties seeking class certification must also show that the action is maintainable under Fed. R. Civ. P. 23(b)(1), (2) or (3)." *Hanlon*, 150 F.3d at 1022. The California statutes relating to each of Plaintiffs' claims apply with equal force and effect to all Class Members. Factually, Defendant's policies and practices apply class-wide and Defendant's liability can be determined by facts common to all members of the class. The wage and hour issues are both numerous and substantial, and a class action is the most advantageous method of dealing with the claims of the Settlement Class Members. *See Brinker Restaurant Corp. v. Super. Ct.*, 53 Cal. 4th 1004, 1033 (2012) ("Claims alleging that uniform policy consistently applied to a group of employees is in violation of the wage and hour laws are of the sort routinely, and properly, found suitable for class treatment.").

Likewise, the fact that the Settlement affords all Class Members an equal opportunity to obtain compensation for identical claims via a standardized process provides further support for the conclusion that common issues of law and fact predominate and that the claims are amenable to class-wide resolution. *See Amchem Products, Inc. v. Windsor*, 521 U.S. at 619 (rejecting the Third Circuit's holding that the

MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

1    requirements of Rule 23 "must be satisfied without taking into account the settlement," and finding instead

2    that "settlement is relevant to a class certification.")

3    **I.    Class Settlement Is Superior to Other Available Means of Resolution.**

4    Similarly, there can be little doubt that resolving all Class Members' claims through a single class

5    action is superior to a series of individual lawsuits.  "From either a judicial or litigant viewpoint, there is no

6    advantage in individual members controlling the prosecution of separate actions. There would be less

7    litigation or settlement leverage, significantly reduced resources and no greater prospect for recovery."

8    *Hanlon*, 150 F.3d at 1023.  Indeed, the terms of the Settlement negotiated on behalf of the Class

9    demonstrates the advantages of a collective bargaining and resolution process.

10    Addressing the allegations through a class action is superior to individual litigation or any

11    alternative methods that may exist.  This action was filed precisely because Plaintiffs believe those

12    alternatives would have proven ineffective in addressing the problem on a class-wide basis.  Additionally,

13    although the value of the claims is not insignificant, the amount in controversy is not nearly enough to

14    incentivize individual action.  *See Wolin*, 617 F.3d at 1175 ("Where recovery on an individual basis would

15    be dwarfed by the cost of litigating on an individual basis, this [superiority] factor weighs in favor of class

16    certification.").  As the class action device provides the superior means to effectively and efficiently resolve

17    this controversy, and as the other requirements of Rule 23 are each satisfied, certification of the Settlement

18    Class proposed by the Parties is appropriate.

19
      **J.    The Proposed Class Notice Adequately Informs Class Members About The Case
20         And Proposed Settlement.**

21    The Notice of Class Action Settlement ("Class Notice"),[10] jointly drafted and approved by the

22    Parties, provides Settlement Class Members with the information necessary to allow each potential

23    member to make an informed decision regarding his or her participation in the Settlement.  The Notice

24    provides information regarding the nature of the lawsuit, a summary of the substance of the settlement

25    terms, the class definition, the deadlines by which Class Members must submit Requests for Exclusion or

26    objections, the date for the final approval hearing, the formula used to calculate settlement payments, a

27

28    [10] *See*, Exhibit "B" to Bainer Decl.

1    statement that the Court has preliminarily approved the settlement, and a statement that Class Members will

2    release the settled claims unless they opt out.  Accordingly, the Notice satisfies the requirements of Rule

3    23(c)(2).

4         If the Court grants preliminary approval, the Settlement Administrator will mail the Class Notice to

5    all Settlement Class Members via first class United States mail.  (Settlement Agreement ¶8.9).  In the event

6    Notice Packets are returned as undeliverable, the Settlement Administrator will attempt to locate a current

7    address using, among other resources, an address update service such as NCOA or Accurint to obtain an

8    updated address.  (*Id.*).  This method was negotiated by the Parties to maximize the Class Member

9    response rate while ensuring cost effective administration of the Settlement.

10        The last step in the settlement approval process is the Final Approval Hearing, at which time the

11   Court may hear all evidence and arguments necessary to evaluate the Settlement.  At the Final Approval

12   Hearing, proponents of the Settlement may explain and describe its terms and conditions and offer

13   arguments in support of settlement approval.  Class Members may be heard in support of or in opposition

14   to the Settlement.

**CONCLUSION**

16        The Parties have negotiated a fair and reasonable settlement of claims.  Having appropriately

17   presented the materials and information necessary for preliminarily approval, the Parties jointly request that

18   the Court preliminarily approve the settlement.

19

20   Dated: December 14, 2018              THE BAINER LAW FIRM

21

22                                        By: */s/ Matthew R. Bainer*_____
                                             Matthew R. Bainer
23                                           Attorneys for Plaintiffs

24   Dated:  December 14, 2018             BAKER & HOSTETLER, LLP

25
                                          By: */s/ Shareef Farag*_____
26                                           Margaret Rosenthal
                                             Shareef Farag
27                                           Nicholas D. Poper
                                             Attorneys for Defendant
28

1

2          I, Matthew R. Bainer, attest that all other signatures listed, and on whose behalf the filing

3    is submitted, concur in the filing's contents and have authorized the filing.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT