# UNITED STATES DISTRICT COURT

# NORTHER DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA GARCIA, SERA GARCIA, RAYMOND SANDOVAL, KELLY SMITH, AND JENNIFER WILSON, individually, and on behalf of other members of the general public similarly situated, and as aggrieved employees pursuant to the Private Attorneys General Act ("PAGA"),<br><br>Plaintiffs,<br><br>vs.<br><br>HMS HOST, USA, INC., a Delaware corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.: 17-cv-03069-RS<br><br>**ORDER GRANTING MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND JUDGMENT** |

**ORDER**

This matter came before the Court on June 6, 2019, for a hearing on the Motion for Final Approval of Class Action Settlement. Due and adequate notice having been given to Class Members as required by the Court's January 29, 2019 Preliminary Approval Order, and the Court having considered all papers filed and proceedings herein, and having received no objections to the settlement, and determining that the settlement is fair, adequate and reasonable, and otherwise being fully informed and good cause appearing therefore, it is hereby **ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:**

For the reasons set forth in the Preliminary Approval Order, this Court finds that the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process have been satisfied.

This Order and Judgment hereby adopts and incorporates by reference the terms and conditions of the Joint Stipulation of Class Action Settlement and Release ("Settlement Agreement"), together with the definitions used therein.

The Court finds that it has jurisdiction over the subject matter of the action and over all parties to the action, including all members of the Settlement Class.

The Class Notice fully and accurately informed Class Members of all material elements of the proposed settlement and of their opportunity to opt out or object; was the best notice practicable under the circumstances; was valid, due, and sufficient notice to all Class Members; and complied fully with the laws of the United States of America. The Class Notice fairly and adequately described the settlement and provided Class Members with adequate instructions and a variety of means to obtain additional information.

Class Members were given a full opportunity to participate in the Final Approval hearing, and all Class Members and other persons wishing to be heard have been heard. Accordingly, the Court determines that all Class Members who did not timely and properly opt out of the settlement are bound by this Order and Judgment.

The Court has considered all relevant factors for determining the fairness of the settlement and has concluded that all such factors weigh in favor of granting final approval. In particular, the Court finds that

the settlement was reached following meaningful discovery and investigation conducted by Class Counsel; that the settlement is the result of serious, informed, adversarial, and arm's-length negotiations between the Parties; and that the terms of the settlement are in all respects fair, adequate, and reasonable.

In so finding, the Court has considered all evidence presented, including evidence regarding the strength of Plaintiffs' case; the risk, expense, and complexity of the claims presented; the likely duration of further litigation; the amount offered in settlement; the extent of investigation and discovery completed; and the experience and views of counsel.  The Parties have provided the Court with sufficient information about the nature and magnitude of the claims being settled, as well as the impediments to recovery, to make an independent assessment of the reasonableness of the terms to which the Parties have agreed.

Accordingly, the Court hereby approves the settlement as set forth in the Settlement Agreement and expressly finds that the settlement is, in all respects, fair, reasonable, adequate, and in the best interests of the entire Settlement Class and hereby directs implementation of all remaining terms, conditions, and provisions of the Settlement Agreement.  The Court also finds that settlement now will avoid additional and potentially substantial litigation costs, as well as delay and risks if the Parties were to continue to litigate the case.  Additionally, after considering the monetary recovery provided by the settlement in light of the challenges posed by continued litigation, the Court concludes that the settlement provides Class Members with fair and adequate relief.

The Settlement Agreement is not an admission by Defendant or by any other released party, nor is this Order a finding of the validity of any allegations or of any wrongdoing by Defendant or any other released party.  Neither this Order, the Settlement Agreement, nor any document referred to herein, nor any action taken to carry out the Settlement Agreement, may be construed as, or may be used as, an admission of any fault, wrongdoing, omission, concession, or liability whatsoever by or against Defendant or any of the other released parties.

Final approval shall be with respect to:  non-exempt employees of Defendant in California at any time from April 25, 2013 through January 29, 2019.

The named Plaintiffs Joshua Garcia, Sera Garcia, Kelly Smith, Jennifer Wilson and Raymond Sandoval are suitable representatives and are hereby appointed the representatives for the Settlement Class.

The Court finds that Plaintiffs investment and commitment to the litigation and its outcome ensured adequate and zealous advocacy for the Settlement Class, and that their interests are aligned with those of the Settlement Class.

The Court appoints The Bainer Law Firm and Mayall Hurley as Class Counsel. The Court finds that counsel have demonstrable experience litigating, certifying, and settling class actions, and will serve as adequate counsel for the Settlement Class.

The Court approves the requested claims administration expenses to Rust Consulting, Inc..

Defendant shall pay Class Members pursuant to the procedure described in the Settlement Agreement.  Defendant shall have no further liability for costs, expenses, interest, attorneys' fees, or for any other charge, expense, or liability, except as provided in the Settlement Agreement.

All Class Members were given a full and fair opportunity to participate in the Approval Hearing, and all members of the Settlement Class wishing to be heard have been heard.  Members of the Settlement Class also have had a full and fair opportunity to exclude themselves from the proposed settlement and the class.  Accordingly, the terms of the Settlement Agreement and of the Court's Order and Judgment shall be forever binding on all Class Members who did not timely and properly opt out of the settlement.  These Class Members have released and forever discharged the Defendant for any and all Released Claims.

Without affecting the finality of this Order and Judgment, the Court shall retain exclusive and continuing jurisdiction over the above-captioned action and the parties, including all Class Members, for purposes of enforcing the terms of the Judgment entered herein.

**IT IS SO ORDERED.**

Dated:  June 10, 2019

Hon. Richard Seeborg
United States District Judge